WILLIAM F. WOODS, Judge.
This is an action by the plaintiffs, as general contractors for the erection of a residence for the defendants-owners, seeking a judgment for the balance due on the contract price, together with the cost of alleged extras, in the total amount of $8,087.42. Defendants generally denied plaintiffs’ claims and, assuming the position of plaintiffs in reconvention, asserted they had taken possession of the premises, partially completed the work at a cost to them of $6,420.00, for which they prayed for judgment, together with the additional sum of $4,836.00, representing the estimated cost for full completion of the residence in accordance with the plans and specifications. The reconventional demand also requests attorney’s fees in the amount of $1,000.00.
From a judgment in favor of the plaintiffs as prayed for, together with recognition of their lien and privilege upon the property of defendants, the latter prosecuted this appeal.
Under the contract signed by the parties,, the plaintiffs agreed to construct this residence in accordance with plans and specifications which were made a part of the contract. The total consideration amounted to $26,526.00 to be paid in four equal installments, the last of which, in the amount of $6,632.00, was due upon completion. Other relevant and essential provisions of the contract were that the construction should be completed on or before March 20, I960;, that all changes made by the owner and charges therefor should be agreed upon: between the parties and reduced to writing; and, finally, that if the contractor, during" the progress of the work, should cause any unreasonable delay or neglect or fail to follow the plans and specifications, or to *765 comply therewith, the owner should have the right, without any previous putting in default, to take possession of the premises, terminate the contract and complete the work, after giving forty-eight hours notice in writing, charging the cost of completion, together with incidental charges and attorney’s fees, against the contract and deducting the same from the amount due or to become due.
The facts as developed on the trial conclusively show, in our opinion, the generally poor quality and nature of the workmanship of the plaintiff contractors and their numerous failures to comply with the plans and specifications. It was also established conclusively that the defendants have expended the sum of $6,420.00 to correct the defects in construction. Therefore, under the express provisions of the contract, the defendants were justified in taking possession of the premises and properly completing the work and charging the cost thereof against any balance of the contract price remaining unpaid.
The contention is made in brief of counsel for plaintiffs that the work had been completed by the contractors, and, therefore, the defendants were not at liberty to take advantage of this provision of the contract. It is further argued that since the contractor had substantially completed the building contract, the owners had no right to withhold the balance due on the contract price.
If the work was not completed, then, certainly, the defendants were entitled to their remedies as provided by the contract. If the work was completed, the owners are entitled to the remedy of reducing the contract price by an amount sufficient to perfect or complete the work under the authority of the well settled jurisprudence in this State. See Spicuzza v. Ranzino, La.App., 73 So.2d 208; Jones v. Tusa, La.App., 100 So.2d 799.
Although the defendants have asked for the sum of $4,836.00 for additional work that is needed to complete the residence according to the original contract and specifications, it was admitted on the trial hereof that no estimate from any contractor has been received for this amount. This figure was arbitrarily fixed by Mrs. Breaux, one of the defendants, who does not qualify as an expert on such matters. Therefore, the defendants have failed to prove this item by a preponderance of the evidence.
The defendants seek to resist payment for extra work not included in the contract in the amount of $960.90 on the ground that the contract provided for the payment of no extra work unless it was reduced to writing by the parties.
We think the correct rule of law is laid down in Groner v. Cavender, 116 La.App. 565, 133 So. 825, which says a contractor may recover for extra labor and material furnished in compliance with the owner’s wishes and parol evidence may be used to prove it, in spite of the fact the contract calls for the extras to be in writing.
The defendants also claim the sum of $130.00 as a rebate on the price of the brick used in the residence. This item was sufficiently proven without objection from the plaintiffs.
Under the clear terms of the contract, the defendants are entitled to attorney’s fees. The suit involved almost innumerable details, the trial consumed three days, reflected by the voluminuous record of testimony, and the appeal has required unusual effort and time devoted to preparation, briefing and argument. In view of these facts, we think an award of $1,000.00 is in order.
The plaintiffs are entitled to judgment against the defendants in the full sum of $8,087.42, the balance due under the contract. H
The defendants, as plaintiffs in reconvention, are entitled to judgment in the amount of $6,420.00, the sum they have already expended to correct the defects in construe *766 tion, $130.00 as a rebate on the price of the brick used in the residence, and $i,000.00 attorney’s fees, making a total of $7,550.00.
This makes a difference in the amount of $537.42 in favor of the plaintiffs.
Therefore, the judgment of the lower court is amended by reducing the amount allowed the plaintiffs to the principal sum of $537.32, with legal interest thereon from the date of judicial demand, and plaintiffs’ lien and privilege on the property is recognized and maintained. Costs of the lower court are assessed equally against the parties, and costs of this appeal are taxed against plaintiffs-appellees.