245 So.2d 394

Joseph A. POPICH

v.

FIDELITY AND DEPOSIT COMPANY
OF MARYLAND.

H. Bennett FOX

v.

Joseph A. POPICH.

No. 50504.

Feb. 24, 1971.

Rehearing Denied March 29, 1971.

Morphy & Freeman, A. D. Freeman, Jr., New Orleans, for plaintiff-appellant and defendant-appellant.

Cox, Bagot & Huppenbauer, Henry L. Klein, Michael H. Bagot, New Orleans, for defendant-appellee and plaintiff-appellee.

DIXON, Justice.

A writ was granted in this matter, limited to the issue of attorney's fees. Two cases were consolidated for trial, and were heard together on appeal. (231 So.2d 604, La.App. 4th Cir., 1970).

Popich, Fox and Fidelity and Deposit Company entered into a contract for the construction of a home for Popich. Fidelity and Deposit Company was the surety on the performance bond for Fox, the builder.

Before the completion of the building, it suffered hurricane damage on September 9, 1965. A dispute subsequently arose over the repairs and the completion of the dwelling and Popich filed a notice of default and took possession about July 1, 1966. These suits followed, Fox claiming the balance of the contract price from Popich, and Popich claiming damages and attorney's fees from the contractor and his surety.

The Court of Appeal affirmed the award to Fox for the balance due him for the construction, but reduced the amount awarded Popich by the trial court and held that Popich was not entitled to recover attorney's fees. This refusal was based on the conclusions that there was no contractual obligation on Fox to pay attorney's fees and that the surety was under no liability for attorney's fees in suits like this because of Costanza v. Cannata, 214 La. 29, 36 So.2d 627 (1948).

Fox, Popich and Fidelity and Deposit Company all signed the same contract. In addition to the usual provisions, it contained the following references to attorney's fees:

" * * * and the expense of the notice, and the completing of the various works, together with all costs, charges or attorney's fees incident to the completion or enforcement of this contract shall be a charge and lien against the party of the second part (builder) and his surety, hereinafter intervening and may be deducted from the amount due or° to become due him; * * *

\* \* \* \* \* \*

"And it is agreed and understood that said surety, in addition to the amount of the foregoing bond, shall be liable for all costs, charges, expenses and attorney's fees, incurred in any concursus or other legal proceeding made necessary by the failure of the contractor to faithfully comply with the foregoing contract, said attorney's fees to be fixed at five per cent. on the amount of the foregoing bond."

It is readily apparent that Fox was under a liability imposed by the contract for attorney's fees resulting from the default of the builder.

Costanza v. Cannata, supra, has no application to the case before us. In Costanza, there was a concursus proceeding provoked by the plaintiffs, who prayed for an

increase in attorney's fees awarded by the trial court. Instead, the Supreme Court reduced the attorney's fees to $250.00, saying:

"The basis for the plaintiffs' right to attorney fees is to be found in section 10 of Act No. 298 of 1926, and it is limited to compensation for provoking the concursus proceeding. It is not extended to include the services of such attorney in connection with the prosecution of the claims of the owner against the contractor and his surety. We believe the amount awarded by the trial judge in this case is excessive and that the amount suggested by the attorneys for the surety is ample."

There was apparently no contractual obligation to pay attorney's fees in Constanza. The obligation for attorney's fees in the case before us arises, not from statute but from the building and surety contract.

A similar claim for attorney's fees, based on the surety contract, was before this court in Maloney v. Oak Builders, Inc., 256 La. 85, 235 So.2d 386 (1970). The attorney's fees were awarded at 5% of the amount of the contract, pursuant to the contractual provision. The opinion in the Maloney case stated:

"Under the facts and circumstances of this case, we find that the award for attorney fees constituted damages, and such were liquidated by contract." 235 So.2d 386, 391.

Fidelity and Deposit interprets Maloney to hold that a stipulation for attorney's fees in a contract is a penal obligation. C.C. 1934, subsection 5; C.C. 2117–2127; 25 Tul.L.Rev. 407 (1950–1951). Upon this interpretation, the surety company contends that C.C. 2120 excuses it from the penalty, because of the intervention of Hurricane Betsy.[1]

The Court of Appeal did not find that the failure to perform the building contract was caused by the hurricane. The hurricane, it is true, did intervene. Popich's complaint, however, was based on the failure of the contractor to complete his performance after the hurricane, and after the builder had presumably been made whole by his builder's risk insurance. Fox argues before us that the failure to complete was due to the hurricane-induced scarcity of labor.

The scarcity of labor during the many months that passed after the hurricane is not the same thing as an irresistible force or an act of God, like the hurricane.

---

1. "The penalty being stipulated merely to enforce the performance of the principal obligation, it is not incurred, although the principal obligation be not performed, if there be a lawful excuse for its non-performance, such as inevitable accident, or irresistible force."

The fact that conditions after the hurricane presented difficulties to the contractor in the performance of his obligations is remote, and will not relieve him or the surety from their contractual obligations.

■ Popich prays for an award of 5% of $43,660 (the amount of the bond) or $2,183 as attorney's fees, pursuant to the provisions of the contract. On the basis of the record before us, the fee sought is reasonable and is not out of proportion to the legal services rendered.[2]

In the district court this litigation was commenced when Fox, the contractor, sued Popich in No. 9515 for the balance due him under the contract, plus extras. Popich reconvened for damages and attorney's fees, and filed a separate suit, No. 9779, on the same demand against Fidelity and Deposit Company of Maryland.

The judgments of the Court of Appeal are amended, and there is now judgment in suit No. 9515 in favor of H. Bennett Fox and against Joseph A. Popich in the sum of $15,468.67, and in favor of Joseph A. Popich, plaintiff in reconvention, against H. Bennett Fox, defendant in reconvention, in the sum of $7,021.05, which judgment in favor of Popich and against Fox shall be solidary with that rendered against Fidelity and Deposit Company of Maryland in suit No. 9779.

In suit No. 9779 there is now judgment in favor of Joseph A. Popich and against Fidelity and Deposit Company of Maryland in the sum of $7,021.05, which judgment is solidary with that rendered against H. Bennett Fox in suit No. 9515. Each judgment is to bear legal interest from the date of demand until paid; all costs are assessed against H. Bennett Fox and Fidelity and Deposit Company of Maryland.

BARHAM, Justice (dissenting).

Suit was instituted by the contractor Fox demanding $15,468.67 balance due on a building contract. The district court and the Court of Appeal without question made that award to the contractor, and we have affirmed that award. Approximately two months after the institution of that suit, the homeowner Popich reconvened in it

2. See Citizens National Bank v. Waugh, 4 Cir., 78 F.2d 325, 100 A.L.R. 939; Husk v. Blancand, 155 La. 816, 99 So. 610, where the court stated at 99 So. 612:
"In referring to and approving the doctrine of the cases cited, we are not to be understood as giving unqualified assent to the rigor of the rule that the contract in such cases is 'the law between the parties,' and that 'as a party binds himself, so shall he be bound.' The legal profession is an arm and support of the administration of justice, and the members of the bar are in a certain sense officers of the court, and their contracts for professional services on a contingent fee basis in cases such as the instant one may not as a matter of law be regarded as not subject to inquiry and correction by the courts if found unreasonable, greatly in excess of the value of the services rendered, and beyond the ability of the client to pay."

against Fox and filed a separate suit against Fox's surety, Fidelity and Deposit Company of Maryland, for damages for failure to complete the contract, liquidated damages, and attorney's fees. The Court of Appeal awarded the homeowner Popich $4838.05 damages by reason of poor construction or failure to complete according to contract, but refused liquidated damages. The majority of this court, as previously noted, has affirmed the award to Fox of $15,468.67. It assessed the damages of the owner Popich at the same figure arrived at by the Court of Appeal, $4838.05, and then assessed attorney's fees in favor of the homeowner Popich and against Fox at $2183.00 based upon the surety's contract for attorney's fees of 5 per cent of the amount of the bond. The majority has found that these attorney's fees are justified by the record. When three courts have cast Popich, because of his failure to pay the contract price, in an amount three times the award granted him, I am unable to agree with the majority that an award of over $2000.00 should be granted to Popich as attorney's fees.

The authority for the holding of this court here is Maloney v. Oak Builders, Inc., 256 La. 85, 235 So.2d 386. I dissented in part in that case. Upon reflection I should have dissented in whole.

Under R.S. 9:4802 a bond is required of the contractor to insure the work on any immovable property, and the condition of

the bond "shall be the true and faithful performance of the contract and the payment of all sub-contractors, journeymen, cartmen, workmen, laborers * * * as their interest may arise". The bond is to be attached to and recorded with the contract.

The contractor and the surety in this and thousands of similar contracts, including the one in Maloney v. Oak Builders, supra, have found a simple way to make the attachment and simultaneous recordation by having the surety "intervene" in the contract between the contractor and the homeowner. In addition to the bond required by R.S. 9:4802, the sureties in these "interventions" further indemnify their principals, the contractors, for costs, charges, expenses, and attorney's fees incurred. The attorney's fees in this case, and in Maloney, were fixed at or limited to 5 per cent of the bond. In Maloney v. Oak Builders, supra, we treated the "intervention" of the surety in the contract, and particularly the paragraph which included a stipulation of 5 per cent of the bond as attorney's fees, as a part of the contract between the owner and the general contractor. This "intervention" is not in my opinion a part of the contract but is an attachment as required by R.S. 9:4802. It cannot expand or limit any right of the owner to recover attorney's fees from the contractor as provided in the contract between the contractor and the owner.

Paragraph 7 of the contract between the contractor and the homeowner in this case provides that the contractor shall be liable for "all costs, charges or attorney's fees incident to the completion or enforcement of this contract", and that these are also chargeable against the surety and may be deducted from any amount due from the owner to the contractor. Since this contract between the owner and the contractor provides for all attorney's fees, if reasonable attorney's fees equal an amount greater or less than 5 per cent of the bond the owner should be entitled to recover to that extent from the contractor. The surety would be liable in solido with the contractor only to the limit of its attorney's fees indebtedness to the contractor fixed at 5 per cent of the bond.

Here the fact that the surety has agreed to indemnify the contractor to the extent of 5 per cent of the bond for attorney's fees does not warrant a judicial assessment of attorney's fees in that stipulated amount. The inequities built into the situation are certainly apparent here, where the owner has retained funds due the contractor far in excess of the damages he is able to recover.

I have previously stated that the majority here has found attorney's fees of over $2000.00 to be justified for the collection of less than $5000.00 in damages when this claim was incidental to a defense of a claim in excess of $15,000.00. The result of the present litigation is that the party who is awarded attorney's fees is the losing party for he owes to the contractor Fox $8447.62 after deduction of his award on reconventional demand. While I believe in an early end to litigation, I am unable to determine on the record before us that the award of $2183.00 is proper as attorney's fees. I therefore believe the case should be remanded for this determination. I reiterate that I think we erred in Maloney v. Oak Builders, supra. Since the surety-contractor agreement is a separate agreement, their contractual establishment of 5 per cent of the bond as attorney's fees does not establish the quantum for the owner's attorney's fees when he, as here, has a contract with the contractor for all attorney's fees. The owner is entitled to reasonable attorney's fees. I respectfully dissent.