STOULIG, Judge.
This is a suit for breach of a building contract. The salient facts of record are as follows: Plaintiff, Mrs. Myrtle Sons, widow of Harry McNeely, and defendant Baron Construction Company, Inc., entered into a contract for the construction of a multiple apartment building. The contract contained a provision obligating defendant United Bonding Insurance Company to plaintiff as surety for the performance of defendant Baron. The total building cost of $47,400 was to be paid as construction progressed by plaintiff’s homestead, Guaranty Savings and Homestead Association, in four installments of $10,665 each and a fifth and final installment of $4,740 after completion. The contract contained a provision for liquidated damages for delay at the rate of $5 per day and further provided for attorney’s fees of 15 percent of the construction bond. After three progress payments totalling $31,995 were paid to Baron, work ceased on the project and the defendant was then placed in default. Payments four and five, totalling $15,405, were withheld and are still retained by Guaranty Homestead. The trial court awarded plaintiff $26,500 for the completion of the building, $3,800 to remedy defects, $7,110 attorney’s fees, $2,595 liquidated damages for delay, and expert witness fees of $450. From this judgment of $40,445 defendant initially filed a suspen-sive appeal, but due to its failure to timely post the appeal bond, the proceeding was *335 converted into a devolutive appeal. During the pendency of the appeal, plaintiff executed on her judgment and obtained its full satisfaction.
This appeal challenges the judgment in its entirety, urges defendant is due a credit of $15,405, and disputes plaintiff’s right to attorney’s fees. Appellant’s brief and argument before this court was restricted to the issues of the credit of $15,405 and the attorney’s fees awarded the appellee. Obviously it has abandoned the challenge to the validity of the other aspects of the trial court’s judgment. Therefore, we will concern ourselves exclusively with the issues of credit and attorney’s fees.
While the trial court unquestionably has the authority to award damages for breach of the contract, plaintiff should not be allowed to retain an overpayment through an inadvertent omission of the trial court to recognize a credit due defendant. Plaintiff contracted to pay $47,-400 for the construction of the building. In fulfillment of this obligation, three progress payments were made totalling $31,995, leaving a balance due on the original contract price of $15,405, which amount is on deposit with her homestead. The trial court found that Baron Construction Company had defaulted on its contract; that $26,500 would be required to complete the construction of the building; and that an additional sum of $3,800 would be required to remedy the defects of defendant’s improper workmanship. Judgment for these amounts was rendered in favor of plaintiff, thereby guaranteeing the completion of the building in accordance with the terms and conditions of the contract. As a result of the defendant’s performance and the judgment of court, plaintiff has received everything to which she was entitled under the contract and is therefore obligated to pay the full contract price of which there is a balance remaining of $15,405 presently held by the homestead. To do otherwise would be in violation of the terms of the contract by allowing the plaintiff to receive the building (for which she contracted to pay $47,400) in consideration of the progress payments previously paid totalling $31,995.
Since the trial court’s judgment awarding plaintiff the costs necessary to complete the building in accordance with the contract has been fully satisfied, the balance of the contract price ($15,405) owed by the plaintiff constitutes an excess or overpayment to her.
The defendant United Bonding Insurance Company under our jurisprudence is entitled to a refund of this overpayment. In the case of State Through Department of Highways v. Busch, 254 La. 541, 225 So.2d 208, 210 (1969), the Supreme Court decreed that “a sum paid in response to a money judgment by one cast at the trial level while a devolutive appeal is pending is owed to the party who on appeal secures reduction or reversal of the judgment.” In addition this defendant is due interest on the overpayment from the time of its receipt by the plaintiff (November 12, 1970) until repaid. (See Smith v. Phillips, 175 La. 198, 143 So. 47 (1932); and State Through Department of Highways v. Busch, supra.)
We turn now to the matter of attorney’s fees. The contract between the parties clearly provides that “ * * * said surety, in addition to the amount of the foregoing bond, shall be liable for all costs, charges, expenses and attorney’s fees [emphasis supplied], incurred in any con-cursus or other legal proceedings made necessary by the failure of the contractor * * * said attorney’s fees to be fixed at 15 (%) per cent on the amount of the foregoing bond.” It is a general proposition of law that parties may contract under such terms and conditions as they deem advisable, and said contract has the effect of law between the parties governing the subject matter, provided it is not prohibited by statute or contrary to public policy. Parties may not later repudiate the provisions of the contract for reasons of economic or *336 imprudent causes. Appellant agreed for a premium of 1 percent of the construction cost to guarantee the 'fulfillment of all of the conditions, provisions, and stipulations of the contract subject to the penalties, charges and fees therein prescribed in the event of its breach. The bonding company now contends that this premium was an insufficient consideration for its obligation to pay attorney’s fees.
We note that the complaint lodged by the appellant against the payment of attorney’s fees is not based upon the amount but rather upon a lack of consideration for this obligation. This contention is without merit. It is purely voluntary with the 'bonding company whether it will undertake to act as surety on any given construction contract. It is also fully aware of the extent of its obligations and contingent liabilities in the event of default and of the compensation it will receive for assuming these responsibilities. Having this knowledge, once it elects to act in the capacity of surety, it cannot be heard to complain that there is a lack of consideration when called upon to 'fulfill any of the obligations it contractually bound itself to perform.
Our Supreme Court in the cases of Popich v. Fidelity and Deposit Co. of Maryland, 258 La. 163, 245 So.2d 394 (1971); and Maloney v. Oak Builders, Inc., 256 La. 85, 235 So.2d 386 (1970), decreed that a surety company is liable for the stipulated percentage of attorney’s fees for which it bound itself as surety in its intervention in the building contract. The judgment in this respect is affirmed.
For the reasons assigned that portion of the judgment of the trial court awarding Mrs. Myrtle S. McNeely the sum of $32,-895 must be reduced by overpayment of $15,405 to the amended sum of $17,490. However, since the defendant has fully paid the judgment of the trial court, in order to effect a refund of the overpayment it is now necessary that the original judgment be supplemented and amended to provide: It is ordered that there be judgment in favor of the defendant United Bonding Insurance Company and against the plaintiff, Mrs. Myrtle Sons, widow of Harry McNeely, in the sum of $15,405, together with legal interest from November 12, 1970, until paid. It is further ordered that in all other respects and as thus amended and supplemented the judgment appealed from is affirmed. The costs of this appeal are to be borne equally by appellant and appellee.
Amended and affirmed.