DIXON, Justice.
Writs were granted in this expropriation proceeding, on application of the defendant, primarily to consider whether interest on the judgment in an expropriation proceeding is 5% or 7%. The Court of Appeal opinion is reported at 292 So.2d 842 (La.App.1974).
That question was decided favorably to the applicant in State of Louisiana, Through the Department of Highways v. Terrace Land Company, Inc., 298 So.2d 859, in an opinion handed down on June 10, 1974. We there considered the effect on R.S. 48:455 of Act 315 of 1970, which amended Civil Code Articles 1938 and 2924, increasing the legal rate of interest from 5% to 7%. R.S. 48:455 is in the expropriation section of the chapter of Title 48 which deals with the State Department of Highways. We decided in the Terrace Land case, supra, that the 1970 amendment to the Civil Code Article 1938 increased the amount of interest to be allowed on an expropriation judgment to 7%.
The grant of writs in this case was not limited to the question of the rate of interest; the defendant relator also complains of the failure of the courts below to award severance damages for one portion of defendant’s property, which was divided by the expropriation.
At the time of the taking, the defendant operated a chain saw manufacturing plant on a tract of land of 16.53 acres, fronting on U. S. Highway 80, or the Greenwood Road, west of Shreveport. The tract was approximately 250 feet wide and almost 3000 feet long on its longest side. The plant buildings and parking lots were located on the 1000 feet nearest U. S. 80. An approximate 500 foot right-of-way was expropriated. The right-of-way taken did not encroach on any improvements. The property was divided by the taking into two tracts; the one on the easterly end, fronting on the Greenwood Road, contained about 6.8 acres; the other tract, separated from the first by the proposed Interstate 220, contained 6.5 acres.
Plaintiff does not now complain about the amounts awarded for the land taken, nor for the severance damages fixed by the district court for the isolated tract, farthest from the Greenwood Road. Defendant’s complaints concern the failure of the courts below to award severance damages for the easterly tract.
The State’s appraiser testified that the easterly tract suffered no severance damages. All the buildings and improvements remained exactly as they were before the taking. The only difference after the taking was the reduction in size from a little over 16 acres to 6.8 acres. That portion of the land taken, and all of the remainder which now constitutes the westerly 6.5 acre tract is overgrown wooded land, not actually used in the operation of the manufacturing plant. The State’s appraisers found no difference in the value of the easterly tract before the taking and after the taking.
Defendant, on the other hand, argues that the additional land, although not at the time of taking used by the manufacturing concern, was available for the purpose of plant expansion, and that the plant actually did plan to expand to accommodate *507 the increasing demand for its product. Defendant argues, and supports its argument with some evidence, that room for expansion is an important consideration in the acquisition of plant sites by industrial users, and that the reduction in size of the plant site resulted in a diminution in value after the taking.
Defendant used two expert witnesses to support its position. Mr. Jack Wells Clarke, an industrial and commercial real estate developer, testified that room for expansion was important. He did not value the easterly tract, either before or after the taking.
Mr. O. L. Jordan, a real estate appraiser of long experience, testified for the defendant, and found that the property taken suffered a 40% diminution in value. To support this conclusion, Mr. Jordan reasoned that the plant property had a rental value of 7^2‡ per month per square foot (of the area of the plant buildings) before the taking. This rental value was obtained by comparison with known rental values of other similar or slightly different properties.
After the taking, Mr. Jordan concluded that the rental value had been reduced to 4-1/2‡ per month per square foot. However, Mr. Jordan based this conclusion solely on the fact that the buildings were located on a 6+ acre tract, instead of a 16 acre tract after the taking. He did not support his conclusion concerning the after-the-taking rental value with any comparison or with any other data. He stated that it was “only a matter oí opinion based on my experience . . . ” On the other hand, there is evidence in the record to indicate that the per acre value of industrial sites in the area of this expropriation was greater for smaller tracts than for larger tracts.
The trial court and the Court of Appeal were justified in not accepting the opinion of Mr. Jordan as to the severance damages of the easterly tract. It is not unreasonable to conclude that the value of a 6 acre tract of land, with buildings covering a fraction of its area, remained the same after having been separated from an unused rear portion of land. There is insufficient evidence in the record to support the contention of the defendant that the easterly portion suffered severance damages.
For these reasons, the judgment of the Court of Appeal is amended and the interest on the judgment awarded to the defendant is fixed at 7% per annum from the date of taking until paid. As thus amended, the judgment of the Court of Appeal is affirmed.