347 So.2d 301 (1977)
Sharon Pfister, wife of/and Joseph B. CATALANOTTO
v.
Leon J. HEBERT.
No. 8225.
Court of Appeal of Louisiana, Fourth Circuit.
June 7, 1977.
*302 Guste, Barnett & Shushan, J. Harrison Henderson, III, New Orleans, for plaintiffsappellees defendants-in-reconvention.
Before SAMUEL, STOULIG and MORIAL, JJ.
MORIAL, Judge.
Plaintiffs Sharon and Joseph Catalanatto are seeking damages from defendant Leon J. Hebert resulting from the breach of a contract to build a home at 4620 Gary Mikel Avenue in Metairie, Louisiana. The parties entered into a building contract on April 9, 1973 which provided for a completion date of the house on or before October 1, 1973. Plaintiffs allege that defendant breached the contract because the work on the house was not substantially completed until December 4, 1974 and because the work was not satisfactorily performed in accordance with the plans and specifications.
Defendant reconvened to recover sums due for "extras" provided which were not included in the original contract price. The trial judge awarded plaintiffs $5,815.00 which included contractually stipulated liquidated damages for the delay in completion, rental and moving expenses and other costs incurred as a result of the breach of the contract by defendant. The trial judge did not allow plaintiff to recover for mental anguish or attorney's fees. The plaintiff in reconvention was awarded $1,743.88 for extras provided which were not included in the original contract price. Defendant Hebert appealed from the judgment but later dismissed his appeal. The plaintiffs answered the appeal asking that the judgment be modified to increase the amount of their award. Our review is limited to the three issues raised by plaintiffs in their answer to the appeal.
Plaintiffs contend (1) that they are entitled to recover attorney's fees under clause (7) of the building contract; (2) that they are entitled to recover damages for mental anguish and (3) that the trial court erred in refusing to qualify their witness as an expert contractor thus depriving plaintiff of presenting any evidence on the costs of repair of defects in the house.
Upon a review of the record we find that we must reject plaintiffs' contentions and affirm the judgment of the trial court.
Paragraph 7 of the contract provides:
"During the progress of the work, if the Contractor should become bankrupt, refuse or neglect to supply a sufficiency of material or of workmen, or cause any unreasonable neglect or suspension of work, or fail or refuse to follow the plans and specifications, or fail to comply with any part of this contract, then the Owner shall have the right and power to enter upon and take possession of the premises, and may at once terminate this contract, whereupon all laborers and mechanics and materialmen's claims against the Contractor shall cease and the Owner may provide materials and workmen sufficient to complete the work, after giving ten (10) days notice, in writing, directed and delivered to the Contractor in person or at his address supplied by him and stated below and to the Association at its address, 233 Carondelet Street. The expense of the notice, and the completing of the various works, together with all costs, charges or attorney's fees incident to the completion or enforcement of this contract, shall be a charge and lien against the Contractor, and may be deducted from the amount due or to become due him. . . ."
Plaintiffs argue that they were compelled to hire an attorney to enforce their rights *303 under the contract and, therefore, are entitled to reasonable attorney's fees. They rely on the cases of Gross v. Breaux, 144 So.2d 763 (La.App. 4 Cir. 1962) and Popich v. Fidelity and Deposit Co. of Maryland, 258 La. 163, 245 So.2d 394 (1971).
It is well settled that attorney's fees are recoverable only when provided for by statute or by contract. Hebert v. Mayeur and Company, Inc., 296 So.2d 446 (La. App. 4 Cir. 1974). The language of this particular building contract provides for the assessment of attorney's fees against the contractor when the contract has not been completed and the owner takes possession of the premises and completes the job. This was the situation in Popich, supra and Gross, supra. Plaintiffs did not take possession of the house before it was substantially completed. Nor did they personally undertake the completion of the job at any time prior to taking possession. Therefore, plaintiffs are not entitled to recover attorney's fees under the terms of the contract.
We must also reject plaintiffs' contention that they are entitled to recover damages for mental anguish. The Supreme Court in Meador v. Toyota of Jefferson, Inc., 332 So.2d 433 (1976) interpreted LSA-C.C. Article 1934(3) to allow recovery of non-pecuniary damages resulting from a breach of contract only where the object of contract is the gratification of some intellectual enjoyment. We do not find that a building contract falls within this category. See also Uhlich v. Medallion Realty, Inc., 334 So.2d 788 (La.App. 4 Cir. 1976).
Lastly, plaintiffs argue that the trial court erred in not accepting Mr. William Collins as an expert in contracting and repairs. Mr. Collins had only built two houses each costing approximately $150,000.00 and had not built any homes in the $30,000.00 range. He had done repair work on six houses. The trial judge did not feel that he had sufficient experience in the area of construction involving the type of home at issue herein. The determination of who shall testify as an expert is a matter within the sound discretion of the trial judge. Ashley v. Nissan Motor Corp. in U. S. A., 321 So.2d 868 (La.App. 1 Cir. 1975); Hamilton v. Travelers Indemnity Company, 248 So.2d 617 (La.App. 3 Cir. 1971). We find no manifest error on the part of the trial judge in refusing to qualify plaintiffs' witness as an expert.
For the foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.