DOUCET, Judge.
This is a suit on an open account wherein defendants assert the sale involved was never completed, and alternatively, the sale was thereafter effectively rescinded. From an adverse judgment, plaintiff-creditor appeals. We reverse.
The facts indicate that Doris Dodge Fashions was having a sale. Defendant Nina Garrett went down to the store on or about Wednesday, July 23, 1980, and tried on $2,138.70 worth of clothing she was desirous of purchasing, however, it needed to be fitted due to her stocky stature and obesity at the time. Accordingly, she agreed to purchase the clothing and left it with the retailer for alterations. Upon returning home Mrs. Garrett discussed her purchases with her husband Marion Garrett, also made defendant herein. After reflecting on her purchases they came to the conclusion that they could not afford all the clothing purchased, which, as aforementioned, was priced at the sum of $2,138.70. Hence she allegedly called Doris Dodge the following Monday to inform the storekeeper of her desire to cancel the purchase. According to defendant, when she called she was informed by Mrs. Barbara Jean, a store employee, that alterations had not begun. The storekeeper, on the contrary, denied that she or any of her employees was ever informed of Mrs. Garrett’s cancelled order, denies any acquiesence in rescission of the sale, and contends the alterations had indeed begun.
Mrs. Garrett never received the clothes and Doris Dodge never received any money for the clothes purchased. The account was assigned to Medical ^Adjustment Bureau who thereafter requested payment from defendant without success. Suit followed whereat the district judge rendered a decision indicating that the sale had been rescinded prior to the alterations being made, therefore judgment was rendered in favor of the defendant. Creditor collection agency appeals contending that the buyers’ attempted rescission, if there was indeed any communication in this respect, was of no effect as the sale was final. We agree.
A contract of sale is perfected between the parties when there exists an agreement for the object and for the price thereof although the object has not been delivered nor the price paid. LSA-C.C. Art. 2456. Thereupon the buyer is obliged to pay the sales price and receive delivery of the thing purchased and remove it. LSA-C.C. Art. 2549. Defendant contends that the sale was conditioned upon her approval following alteration, categorizing the sale as one with reservation of view and trial pursuant to LSA-C.C. Art. 2460. However it cannot be said that the parties contemplated that any reservation which might have been offered for inspection would extend to cancellation due to the buyer’s subsequently realized inability to pay. Nor is this a case for application of LSA-C.C. Art. 1800, entitled “Offeror’s change of intention before acceptance”, as the buyer had agreed to purchase the clothing, arranged for alterations, and the clothes were withdrawn from the retailer’s racks. Clearly the sale was complete upon Mrs. Garrett’s departure from the store after sampling the clothes and she was obliged to pay the price and accept delivery. The record supports no other conclusion. Thus the question becomes: Was there an effective rescission?
Contracts may be abrogated or revoked by mutual consent of the parties, however the party alleging agreement to rescind bears the burden of proof as no one is presumed to have renounced a right unless it clearly appears he intended to do so. Devore v. Devore, 172 So.2d 923 (La.App. 4th Cir. 1965); Succession of Martin, 335 *225 So.2d 494 (La.App. 2nd Cir. 1976), cert. denied 337 So.2d 516 (La.1976); LSA-C.C. Art. 2130.
The record is totally void of any evidence indicating mutual consent to rescind the sale. Even the testimony of defendant indicates no agreement on the retailer’s part to rescind the sale. Instead the record shows the attempted cancellation was a unilateral decision by appellee alone. Although our law provides several causes for which a buyer can rescind a sale, no provision exists for rescission due to inability to pay, nor do we know of any provision allowing avoidance due to a husband’s objection. Parties may not repudiate a contract because it is uneconomic or imprudent. McNeely v. Baron Construction Co., 261 So.2d 333 (La.App. 4th Cir. 1972).
For the reasons set forth above, the judgment of the trial court is reversed and judgment is rendered as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of plaintiff, Medical Adjustment Bureau, Inc. and against Marion and Nina Garrett, in the sum of $2,138.70, together with legal interest from date of judicial demand;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the clothing purchased by Marion and Nina Garrett be delivered to them within thirty days from the date this judgment becomes final, and in the event of failure of Medical Adjustment Bureau, Inc. to comply with this decree, the above judgment in favor of Medical Adjustment Bureau, Inc. shall be cancelled forthwith;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all costs of these proceedings, at trial level and on appeal, are assessed one-half against Medical Adjustment Bureau, Inc. and one-half against Marion and Nina Garrett.
REVERSED AND RENDERED.
STOKER, J., concurs in part and dissents in part and assigns reasons.