41 So.2d 71

## TARVER v. ALLAUN.

No. 38999.

April 25, 1949.

Rehearing Denied May 31, 1949.

Bullock & Bullock, Shreveport, for plaintiff.

Malcolm W. Feist, Shreveport, curator ad hoc, for respondent.

MOISE, Justice.

We granted a writ of certiorari to review the judgment of the Court of Appeal, Second Circuit, affirming the judgment of the district court of the Parish of Caddo, which sustained an exception of no cause or right of action filed on behalf of the defendant.

The facts disclosed are that the plaintiff granted to defendant an option to purchase two oil and gas leases on lands located in the State of Texas; that the option expired September 22, 1947; that the sum of $500.00 cash was deposited in escrow; and that this amount was to be returned to defendant upon his purchasing the said leases, otherwise the plaintiff was entitled to the said sum. The agreement reads:

"1st. First Party hereby sells to Second Party, for the consideration of Five Hundred Dollars cash an option to purchase the following two oil and gas leases covering lands in Hutchinson County, State of Texas, viz:

"(a) The Unphries lease covering 120 acres identified as the south 120 acres of

Section 14, Book 5, Hedgecoke Survey; and

"(b) The Herring lease consisting of the west one-third of the east half of the J. P. Price Survey, embracing 160 acres.

"2nd. The Second Party shall have until midnight of Monday the 22nd day of September A.D., 1947, in which to exercise his right of purchase of the said two leases, upon the terms of the agreement verbally arrived at in the office of the said Notary Public, in the presence of the said Notary Public, the said First and Second Parties and G. L. Blaxton, on this the 5th day of September, A.D., 1947.

"3rd. If the said Second Party concludes to exercise his right of option for the purchase of the said two leases, then the said first party obligates himself to thereupon convey to Second Party a merchantable title to the said leases, and in which event the said Second Party shall have ten days immediately thereafter to have First Party's title to the said leases examined and should it be revealed that First Party can not deliver to Second Party a merchantable title to the said leases, then, and then only, shall Second Party recover the said sum of Five Hundred Dollars paid for the said option; otherwise, and for no other reason, Second Party shall have no right in the said money paid for this option, but the said sum shall immediately become the unconditional property of the said First Party.

"4th. Should Second Party exercise his right of option to purchase the said two leases, upon so advising First Party that he is then ready to close the deal, then and thereupon First Party shall execute proper assignment of the said two leases, upon Second Party entering into a written contract with First Party covering the real consideration of the sale or assignments of the said two leases, in accordance with the verbal understanding between the parties hereto, as hereinabove referred to, which assignments and contract as specifically referred to in this paragraph shall be placed in escrow with James G. Palmer, to be held by him until Second Party advises him, and within the period herein specified for examination of the titles, that he accepts the said titles to the said leases as being merchantable, whereupon the said escrow agent shall deliver the said assignments to Second Party and the contract forming the real consideration of the purchase price of the said two assignments to First Party."

The plaintiff sues to recover the sum of $500.00, the amount deposited in escrow, impleading as defendants, W. E. Allaun, the grantee, and James G. Palmer, the escrow agent, alleging that defendant Allaun failed to purchase said mineral leases within the term of the agreement; and that defendant objected to the escrow agent paying to plaintiff this sum of money.

The defendant filed an exception of no cause or right of action, which the district court sustained, and dismissed plaintiff's suit. The Court of Appeal affirmed said judgment, holding as did the district court

that " * * * the agreement to sell is subject to the rule that where it is agreed that a contract will be reduced to writing, it is not enforceable until the written instrument is executed."

■ This conclusion is not applicable because under Article 1934, R.C.C., Section 5, " * * * where the parties, by their contract, have determined the sum that shall be paid as damages for its breach, the creditor must recover that sum, but is not entitled to more. * * *"

■ This is not a suit for specific performance or damages on an executed contract. It is a suit on a contract entered into by the parties in which a sum of money was deposited in escrow as the measurement of damages for the failure to perform. The petition does disclose a cause and a right of action.

For these reasons, the judgment appealed from is annulled and set aside, the exception of no cause or right of action is overruled, and the case is now ordered remanded to the district court for further consideration, consistent with the views herein expressed. All costs are to await the final determination of this litigation.

O'NIELL, C. J., takes no part.

On Application for Rehearing.

PER CURIAM.

After careful consideration of the whole record in this case, and the contentions of counsel on application for rehearing, we

are of the opinion that the decree rendered on original hearing is correct. The application for rehearing is therefore denied.