235 So.2d 386

**Olga KENNY, Wife of/and Paul MALONEY, Jr.**

v.

**OAK BUILDERS, INC., et al.**

Nos. 50049, 50060.

May 4, 1970.

Rehearing Denied June 8, 1970.

Morphy & Freeman, A. D. Freeman, Jr., Lemle, Kelleher, Kohlmeyer, Matthews & Schumacher, George A. Frilot, III, Julian H. Good, New Orleans, for appellant.

Casey, Babin & Casey, A. F. Babin, Jr., New Orleans, for appellees.

HAMLIN, Justice.

We directed limited certiorari to the Court of Appeal, Fourth Circuit, for review of that part of its judgment which is in favor of Oak Builders, Inc. and against third party defendants, Chris Peters, DeSota-Rabalais, Bernard Wholesale Distributing Company, Inc., Higgins & Ostarly, Milford A. Friedrich, Jr., St. Bernard Roofing and Sheet Metal Company, and Marvin N. Garrett solidarily in the full sum of $4,608.-20 as indemnity for the sum which Oak Builders, Inc. was condemned to pay plaintiffs' attorney. (That part of the judgment of the trial court which condemned Oak Builders, Inc. to pay plaintiffs' attorney provided, "that there be judgment herein in favor of Arthur F. Babin, Jr., attorney for plaintiffs, and against the defendants, Oak Builders, Inc. and Fidelity and Deposit Company of Maryland, in solido, in the full sum of $4,608.20, for attorney fees herein," and "that there be judgment herein in favor of Third-Party Plaintiff, Fidelity and Deposit Company of Maryland, and against Third-Party Defendants, Oak Builders, Inc., John S. Morvant, Jr. and Mrs. Beverly Mire Morvant, in solido, in the full sum of $4,608.20, for plaintiffs' attorney

fees herein.") Art. VII, Sec. 11, La.Const. of 1921; 254 La. 804, 227 So.2d 143; La. App. 224 So.2d 161. In this matter, two applications for certiorari were granted and limited to the issue of attorney fees; they are interrelated and are therefore consolidated for the purpose of this decision.

The Court of Appeal correctly states the substantial facts of this matter as follows:

"The record discloses that Paul Maloney, Jr., the president of the Citizen's Homestead Association, together with Mrs. Maloney, entered into an agreement with one of the defendants, Mrs. Betty A. L. Moss, an architect, on March 27, 1963, to draw plans for the erection of a home for them in the Lakeshore area of the City of New Orleans. The agreement was confected through the medium of the standard form used by the American Institute of Architects. On October 21, 1963, Oak Builders, Inc., the principal defendant herein, entered into a building contract with the plaintiffs and with the Citizen's Homestead Association through the use of a building contract form of the Citizen's Homestead, wherein Oak Builders, Inc., agreed to construct the plaintiff's house for the sum of $92,164.00. The plans and specifications drawn by Mrs. Moss were paraphed by the homestead's notary for identification with the building contract, but the homestead's own building expert, John J. Cruthirds, was named in the agreement as the expert to direct the work and to whose satisfaction it was to be performed.

"Thereafter, construction was begun and the residence was completed on or about September 1, 1964. On that date, the plaintiff was dissatisfied with certain imperfections in the house, and he prepared, with the assistance of his wife, a list of these defects, referred to herein as a 'punch list'. The plaintiff also had in his possession the sum of approximately $30,000.00, which was payable upon final acceptance of the contractor's work.

"In order to obtain as much of the $30,000.00 final payment as possible, Oak Builders, Inc., entered into an agreement with the plaintiff by virtue of which it paid him the sum of $3,000.00 for unacceptable items contained in the house, together with $1,720.00 as liquidated damages for delay in conformity with the demurrage clause set forth in the building contract. Oak Builders, Inc., also agreed to complete or redo the items delineated in the punch list, which was made part of the argement. Thereafter, an acecptance was filed in the appropriate office, and the plaintiffs took

possession of the residence. All payments specified in the compromise agreement of October 1, 1964, were paid. On May 25, 1965, the plaintiff, Maloney, through his attorney, made a demand upon the architect and contractor to remedy or repair certain architectural and construction errors, omissions, and defects which allegedly caused the plaintiffs to pay large sums of rent, substantial interest, and to incur other expenses. When the architect and the contractor did not capitulate to these demands of the plaintiffs, this suit ensued."

Named as defendants in the suit were Oak Builders, Inc., the contractor, Fidelity and Deposit Company of Maryland, its surety, Betty A. L. Moss, the architect, and Continental Casualty Company, her liability insurer; plaintiffs prayed for damages in the sum of $38,163.27, together with 10% attorney's fees on the full amount claimed, plus legal interest and costs. Answers and third party petitions were filed. After an extended trial on the merits, the trial court rendered judgment on new trial as follows:

1. In favor of the plaintiffs and against Oak Builders, Inc. and Fidelity and Deposit Company of Maryland solidarily in the amount of $8,248.47, together with a like judgment in favor of Fidelity and Deposit Company against Oak Builders, Inc., John S. Morvant, Jr., and Beverly Morvant solidarily in conformity with their indemnity agreement.

2. In favor of defendants, Betty A. L. Moss and Continental Casualty Company and against the plaintiffs, dismissing their suit against them.

3. In favor of Oak Builders, Inc., and against Chris Peters in the amount of $332.00.

4. In favor of Oak Builders Inc. against DeSota-Rabalais in the amount of $140.00.

5. In favor of Oak Builders, Inc. against Bernard Wholesale Distributing Company, Inc., in the amount of $352.60.

6. In favor of Oak Builders, Inc. against Higgins & Ostarly in the amount of $63.95.

7. In favor of Oak Builders, Inc., against Milford A. Friedrich, Jr., in the amount of $1,087.42.

8. In favor of Oak Builders, Inc. against DeSota-Rabalais in an additional amount of $25.00.

9. In favor of Oak Builders, Inc against St. Bernard Roofing and Sheet Metal Company in the amount of $4,632.60.

10. In favor of Oak Builders, Inc. against Higgins & Ostarly for the additional sum of $300.00.

11. In favor of J. C. Baumgartner and against Oak Builders, Inc., dismissing Oak Builders, Inc.'s third party petition.

12. In favor of Oak Builders, Inc. against Marvin N. Garrett for $135.97.

13. In favor of Noel St. Cyr and against Oak Builders, Inc., dismissing its third party petition.

14. In favor of Gus Duncan, dismissing Oak Builders, Inc.'s third party petition.

15. In favor of Oak Builders, Inc., Betty A. L. Moss, and Continental Casualty Company, dismissing St. Bernard Roofing and Sheet Metal Works' reconventional demand and third party petition.

16. In favor of Arthur F. Babin, Jr., attorney for the plaintiffs, against the defendants, Oak Builders, Inc. and Fidelity and Deposit Company of Maryland, solidarily in the amount of $4,608.20, representing attorney's fees, together with a like judgment in favor of Fidelity and Deposit Company against Oak Builders, Inc. and Mr. and Mrs. Morvant under their indemnity agreement. (This part of the judgment was recited supra.)

All amounts with legal interest thereon from date of judicial demand until paid.

The Court of Appeal reduced the award to plaintiffs from $8,248.47 to $8,152.50; judgment in a like amount was rendered in favor of Fidelity and Deposit Company of Maryland against Oak Builders, Inc., John S. Morvant, Jr., and Beverly Morvant solidarily. The Court of Appeal rendered the judgment supra with respect to attorney's fees and affirmed the judgment of the trial court in all other respects.

In this Court, Oak Builders, Inc. and Fidelity and Deposit Company of Maryland contend that the Court of Appeal erred in affirming the award of attorney's fees herein. They argue that an attorney's fee provision engrafted upon a statutory bond will be read out of the bond, and that when the claim is debatable and highly inflated—as judged here by the quantum actually awarded—the claimant should receive no attorney's fee.

Milford A. Friedrich, Jr., d/b/a Friedrich Refrigeration, and Bernard Wholesale Distributing Company, Inc., urge that the Court of Appeal "erred in giving judgment in favor of the defendant general contractor over against third-party subcontractors for the attorney's fees awarded the plaintiffs' counsel under the bond for the build-

ing contract." Alternatively, they argue that if it should be found that the subcontractors are liable for attorney's fees, the Court of Appeal erred in rendering judgment in solido against the subcontractors for the full amount thereof.

Plaintiffs urge that the judgment of the Court of Appeal is correct as to attorney's fees and should be affirmed.

Posed for our determination are the questions of whether the principal contractor, Oak Builders, Inc., can be held liable for plaintiffs' attorney fees under the facts of this case, and, whether subcontractors, who neither signed the instant bond nor gave an indemnification contract to plaintiffs, can be held liable in solido to the principal contractor for the attorney's fees it is condemned to pay.

As stated supra, plaintiffs entered into a building contract with Citizens Homestead Association on October 21, 1963. The following appears at the end of the contract just before the signatures: · · · ·

"And hereunto intervenes FIDELITY AND DEPOSIT COMPANY OF MARYLAND, herein represented by Paul J. Leaman, Jr., Attorney-in-Fact who declared: That said Company takes full cognizance of the within contract, and hereby consents to the terms and conditions hereof, and binds itself and assigns as surety for said CONTRACTOR in the full sum of NINETY TWO THOUSAND ONE HUNDRED SIXTY FOUR & 00/100 ($92,164.00) Dollars for the true and faithful performance of said contract; and the payment of all sub-contractors, journeymen, cartmen, workmen, laborers, mechanics and furnishers of material, machinery or fixtures, jointly, as their interests may arise, and as provided by law, and as provided by Act 298 of 1926, and all laws amendatory thereof. [See, LSA–R.S. 9:4802, which appears under 'Private Works' and provides in part that, 'The owner of such work shall require of such undertaker, contractor, master-mechanic, or engineer, a bond with surety as follows: * * *.']

"And it is agreed and understood that said surety, in addition to the amount of the foregoing bond, shall be liable for all costs, charges, expenses and attorney's fees, incurred in any matter growing out of or arising under this contract or incurred in any concursus or other legal proceedings made necessary by the failure of the Contractor to faithfully comply with the foregoing contract, *said attorney's fees, in the event of suit to be fixed at five percent on the amount of the foregoing bond."* (Emphasis supplied.)

## THE ALLOWANCE OF ATTORNEY'S FEES.

It is well recognized in the jurisprudence of this Court that as a general rule attorney's fees are not allowed except where authorized by statute or contract. Hernandez v. Harson, 237 La. 389, 111 So. 2d 320. Attorney's fees are not allowable in an action for breach of contract unless there is a specific provision therefor in the contract. Morein v. G. J. Deville Lumber Co., La.App., 215 So.2d 208. Parties are therefore allowed to contract with respect to attorney fees. Such a contract is neither against public policy nor good morals. Cf. Arts. 11, 1891, 1892, LSA–C.C.; Conques v. Andrus, 162 La. 73, 110 So. 93. "It is a fixed rule of law that where the parties have the capacity to stipulate for liquidated damages, and when agreed upon, courts will not inquire whether the actual damage suffered equaled or approximated the agreed amount." Lama v. Manale, 218 La. 511, 50 So.2d 15. "Where there is a clause in a contract, and that clause is the agreement of the parties,

the defense of a lack of knowledge of its existence is untenable. Courts are not created to relieve men of their bad bargains made. Where a clause of a contract is clear and unambiguous, 'the letter of it should not be disregarded, under the pretext of pursuing the spirit.'" Lama v. Manale, supra. Citizens of this State enjoy the freedom of contract, and no law impairing the obligation of contract shall be passed by the Legislature. Cf. Art. IV, Sec. 15, La. Const. of 1921.

The above provision allowing attorney fees when such are incurred under enumerated conditions is separate and apart from the bond stipulation. It is not engrafted on the bond. Cf. Pittman Const. Co. v. Housing Auth. of New Orleans, La. App., 169 So.2d 122.[1] We are therefore not concerned with a statutory bond and the question of exclusion. The provision spelled out that it was in addition to the amount of the bond. The instant contract is a private one; it did not have to yield to provisions of public works laws and exercise of police power. The instant parties were

---

1. In the Pittman Case, the Court said: "HANO'S claim for attorney's fees is apparently based solely on a provision in Pittman's performance bond binding the sureties thereon to protect HANO 'from all loss or expense including all costs of court and attorney's fees made necessary or arising from the failure, refusal or neglect' of Pittman 'to comply with the obligation assumed by him.' There has been shown no 'failure, refusal or neglect'

on the part of Pittman to comply with its obligations. HANO is the party in default. Besides, inasmuch as the bond is a statutory bond, anything contained therein which is not in the statute, must be read out of the bond. The only provision in the Public Works Act (LSA–R.S. 38:2241 et seq.) for attorney's fees is that allowing attorney's fees to lien claimants under certain conditions." 169 So.2d at 138.

frce to contract as they saw fit with respect to attorney fees. They recited an exact amount payable for attorney fees if such were incurred—5% of the amount of the bond, $92,164.00, equaling $4,608.20.

■ We find that the above contract was a legal agreement and had the effect of law upon the parties. Art. 1945, LSA–C.C.[2] Therefore, plaintiffs, who felt constrained to bring this suit for latent defects and items on the punch list allegedly

not properly corrected and received judgment in their favor, although less than that for which they prayed, are entitled to recover attorney fees as set forth in their contract—5% of $92,164.00, or $4,608.20.[3] See, Tarver v. Allaun, 215 La. 513, 41 So.2d 71. Cf. Delta Paving Company v. Wooldridge, La.App., 209 So.2d 581. Under the facts and circumstances of this case, we find that the award for attorney fees constituted damages, and such were liquidated by contract.[4]

2. "Legal agreements having the effects of law upon the parties, none but the parties can abrogate or modify them. Upon this principle are established the following rules:

"*First*—That no general or special legislative act can be so construed as to avoid or modify a legal contract previously made;

"*Second*—That courts are bound to give legal effect to all such contracts according to the true intent of all the parties;

"*Third*—That the intent is to be determined by the words of the contract, when these are clear and explicit and lead to no absurd consequences;

"*Fourth*—That it is the common intent of the parties—that is, the intention of all that is to be sought for; if there was a difference in this intent, there was no common consent and, consequently, no contract."

3. This is not a concursus proceeding (LSA–R.S. 9:4810), nor is it a proceeding in which plaintiffs should have recovered the full amount of their demand (LSA–R.S. 9:3902).

4. In Foundation Finance Co. v. Robbins, La.App., 144 So. 293, 295, the Court stated: "We have, however, reached the conclusion that, where an agreement contains a stipulation for the payment of

attorney's fees, those fees are to be considered as representing a part of the damage which non-compliance by the obligor will inflict upon the obligee and not as a penalty upon the obligor. The main consideration which leads to the inclusion of the said stipulation is not the hope that the requirement of the payment of the fees will enforce the payment of the main obligation, but is, rather, a desire on the part of the obligee, or lender, that, if he must employ an attorney, he will not be required, out of his own pocket, to pay for such service. Thus, the moving consideration for the inclusion of the said stipulation is not punishment of the obligor for his failure to comply with his agreement, but, rather, repayment to the obligee of any loss he may sustain. Our Civil Code, in article 2117, defines a penal clause as 'a secondary obligation, entered into for the purpose of enforcing the performance of a primary obligation.' As we have stated, we do not believe that the inclusion of the stipulation for attorney's fees is entered into for the purpose of enforcing the performance of the primary obligation, but that it is, rather, a stipulation made in advance to compensate the lender for expenses to which he may be put in the event of noncompliance with the primary obligation. It should, thus, be considered rather as liquidated damage than as a penalty. The word 'penalty'

### THE SOLIDARY OBLIGATION VEL NON.

Herein, the Court of Appeal found

"* * * In this case, the subcontractors' breach of their agreements to the general contractor was the true cause of the general contractor's having to pay attorney's fees to the plaintiffs. In this sense, the general contractor, having a right to rely on the performance of its subcontractors, was only technically liable to the plaintiffs. The true cause of the failure of performance was the breach of the obligations of the subcontractors. * * *"

Under such a finding, the subcontractors are liable to the general contractor for the amount by which they caused the building contract to be breached. However, as found by the trial court and the Court of Appeal, each subcontractor is liable to the general contractor for only his or its share of poor and deficient workmanship or lack of performance. See judgment of the trial court, supra. Each subcontractor was obligated to perform a different part of the building contract. There was no collective activity; no subcontractor was liable for the work of another subcontractor. Responsibility was individual and proportionate. Under such facts and circumstances, we find that the subcontractors cannot be held liable solidarily to the general contractor for the amount he was condemned to pay plaintiffs' attorney.

"An obligation in solido on the part of the debtors exists when they are all obliged to the same thing, so that each may be compelled for the whole, and when the payment that is made by one of them, exonerates the others toward the creditors. An obligation in solido is never presumed, but must be expressly stipulated except in cases where an obligation in solido takes place of right by some provisions of the law. The creditor of an obligation contracted in solido may apply to anyone of the debtors he chooses without the debtors having the right to plead the benefit of division, and a suit brought against one of the debtors does not bar the creditor from bringing suit on the same account against the others. LSA–C.C. articles 2091, 2093, 2094, 2095.

"The ultimate test of whether an obligor may be held for the whole or for

---

contemplates punishment. It is usually provided by law or by agreement in the hope that the fear of its imposition will result in bringing about the fulfillment of the main obligation.

"We find that in several cases attorney's fees stipulated for and made contingent upon non-compliance are termed 'liquidated damages.' "

only a proportionate part of the obligation is esentially whether the two obligors each promised the same or full performance or whether each promised only a different performance, that is to pay a proportionate part of the liability. Wilks v. Allstate Insurance Company, La.App., 195 So.2d 390; 4 Corbin on Contracts, sec. 925. When several persons obligate themselves to the obligee by the terms 'in solido' or use any other expressions which clearly show that they intend that each one shall be separately bound to perform the whole of the obligation it is called an obligation in solido on the part of the obligors. Wilks v. Allstate Insurance Company, supra; LSA–C.C. art. 2082.

"Several obligations are produced when what was promised by one of the obligors is not promised by the other, but each one promises separately for himself to do a distinct act; such obligations, although they may be contained in the same contract, are considered as much individual and distinct as if they had been in different contracts and made at different times. LSA–C.C. art. 2087. Nothing more is effected by such contracts than if each one of the obligors had entered into separate and distinct contracts and the relationship between the parties is kept as separate and distinct as if each had made a different contract for himself on a different date. In the same way, where one enters into a contract by which he agrees to give or to do something to a dozen persons, the contract would be several and has the same effect as if he had entered into several dozen contracts instead of including all of his obligations within one instrument. See Saunders' Lectures on the Civil Code, pp. 424, 430." Flintkote Company v. Thomas, 223 So.2d 676, 678 (1969).

■ We conclude that each subcontractor is liable to the general contractor, Oak Builders, Inc., for his or its pro rata share of the attorney fees herein. Such pro rata is to be based on the ratio of the amount awarded against each subcontractor to the total amount of damages for defective work.

For the reasons assigned, the judgment of the Court of Appeal is reversed and set aside insofar as it is in favor of Oak Builders, Inc. and against the third party defendants, Chris Peters, DeSota-Rabalais, Bernard Wholesale Distributing Company, Inc., Higgins & Ostarly, Milford A. Friedrich, Jr., St. Bernard Roofing and Sheet Metal Company, and Marvin N. Garrett solidarily in the full sum of $4,608.20.

Judgment is now rendered in favor of Oak Builders, Inc. and against the third party defendants in the following propor-tions and ratio to the attorney's fees of $4,608.20: [5]

Chris Peters:

$$\frac{\$332.00}{\$8,152.50} \times \$4,608.20$$

DeSota-Rabalais:

$$\frac{\$165.00}{\$8,152.50} \times \$4,608.20$$

Bernard Wholesale Distributing Company, Inc.:

$$\frac{\$352.60}{\$8,152.50} \times \$4,608.20$$

Higgins & Ostarly:

$$\frac{\$363.95}{\$8,152.50} \times \$4,608.20$$

Milford A. Friedrich, Jr.:

$$\frac{\$1,087.42}{\$8,152.50} \times \$4,608.20$$

St. Bernard Roofing and Sheet Metal Company:

$$\frac{\$4,632.60}{\$8,152.50} \times \$4,608.20$$

Marvin N. Garrett:

$$\frac{\$40.00}{\$8,152.50} \times \$4,608.20$$

———◆———

(The award of legal interest is not included in the above computations.)

Costs of all proceedings are to be assessed against the defendants and third party defendants, except Mrs. Betty A. L. Moss and her insurer Continental Casualty Company, in the same ratio as their as-sessments for attorney's fees. LSA–C.C. P., Art. 2164.

BARHAM, Justice (dissenting).

I must dissent from the majority's holding that the subcontractors are liable to the general contractor pro rata for the attorney's fees (on the basis of their indi-

5. Certiorari was not granted as to quantum. Therefore, we have used the figures of the trial court awards, which were copied in the Court of Appeal's decision. We have allowed for the Court of Appeal's reduction of the claim against Marvin N. Garrett from $135.97 to $40.00.

The total amount of the awards against the subcontractors is $6,973.57. This amount deducted from $8,152.50 leaves a balance of $1,178.93, which practically coincides with the statement in the brief of Oak Builders, Inc. and Fidelity and Deposit Company of Maryland that the "builder's exposure in either judgment is only about $1,100.00" without the attorney's fee of $4,608.20 being added.

vidual liability proportionate to the total liability for faulty performance under the subcontracts) awarded plaintiffs in their suit against the general contractor.

Our law forbids the awarding of attorney's fees except where there is a special provision in the contract between the parties or where attorney's fees are allowed by statute. Earlier in the opinion the majority itself says: "It is well recognized in the jurisprudence of this Court that as a general rule attorney's fees are not allowed except where authorized by statute or contract. Hernandez v. Harson, 237 La. 389, 111 So.2d 320. Attorney's fees are not allowable in an action for breach of contract unless there is a specific provision therefor in the contract. Morein v. G. J. Deville Lumber Co., La.App., 215 So.2d 208. * * "

The majority's error is in failing to note that there is *no contractual obligation* between the subcontractors and the contractor *in regard to any attorney's fees*. Their obligation to the contractor was to render their services in a workmanlike manner, to be responsible to the contractor for damages incurred by reason of their failure to perform. They have been cast for the costs of their defective workmanship. This is their measure of damages for breach of contract, and they should not, they cannot, be cast for the attorney's fees that were the subject of a contract be-

tween the contractor, its surety, and the owners, to which they were not parties.*

The majority holding accomplishes what it says the law forbids. I reiterate: There is no contract for attorney's fees between the subcontractors and the contractor, and there is no statutory liability. I cannot subscribe to the majority's view that the subcontractors are liable for pro rata shares or any portion of the exorbitant attorney's fees agreed to by the contractor and its surety in the contract with the owners. Attorney's fees are not an element of damages for breach of contract in the absence of specific provision in the contract between the parties that they constitute an item of damages.

I respectfully dissent.

235 So.2d 394

**STATE of Louisiana**

v.

**Donald LOPEZ.**

**No. 50173.**

May 4, 1970.

---

* I concur only in the result which casts the contractor for attorney's fees to the plaintiffs.