PICKETT, Judge.
This appeal is from a judgment rendered in favor of plaintiff on a confirmation of default. Defendant-Appellant contends that all, or alternatively a part, of the judgment was rendered on insufficient proof.
The petition was filed on April 26, 1973, alleging an indebtedness on open account in the principal sum of $16,855.17, and seeking interest at the rate of eight per cent, per annum and attorney fees in the *241 amount of twenty-five per cent, of the aggregate. The petition was accompanied by unpaid invoices and an affidavit of correctness by plaintiff’s president, Mr. H. T. Broussard. The plaintiff, also, filed requests for admissions of fact, which related to the principal amount on the open account and the sale of merchandise, but did not relate to interest or attorney fees as forming a part of the agreements.
The defendant did not respond to the petition or to the requests for admissions of fact; and on May 21, 1973, the plaintiff entered a preliminary default. On May 24, 1973, judgment was rendered, in part, as follows:
“On motion of Robert S. Robertson, Attorney for Petitioner, AMERICAN SUPPLY CO. OF MORGAN CITY, INC., and upon producing due proof in support of plaintiff’s demand . . . .” (Emphasis ours)
While the plaintiff-appellee contends that there is a presumption that a court’s judgment was based on sufficient proof, defendant-appellant contends that, notwithstanding the above italicized language, there is nothing in evidence in the record to support the award of interest above the legal rate, or of attorney fees.
The invoices on which the suit is based contained, in addition to the enumeration of services, merchandise and cost, the following statement:
“Purchaser or his Agent acknowledges receipt of the items covered by this invoice. Any signature will be recognized as an Agent of the Purchaser.
Purchaser agrees to pay interest at the rate of 8% per annum on all accounts thirty (30) days from date hereof and agrees to pay attorney’s fee of twenty five (25%) per cent on the aggregate balance then due and owing, on principal and interest, if the same be placed in the hands of an attorney for collection or suit, provided that in no event shall said fee be less than $100.00, together with all legal costs incurred.”
LSA-C.C. Art. 1702 provides that an affidavit of correctness of an open account is sufficient to establish a prima facie case in order to confirm a judgment of default. Defendant contends that the affidavit is insufficient to prove a contractual obligation to pay interest and attorney fees on an unpaid account. Defendant further contends that some of the invoices are not for merchandise sold but represent charges for repairs and labor costs, so that the affidavit is insufficient to prove these claims.
We agree that the claim for conventional interest and attorney fees cannot be proved by the affidavit of correctness of the open account. LSA-C.C. Article 2924 provides, in part, as follows:
“The amount of the conventional interest cannot exceed eight per cent. The same must be fixed in writing; testimonial proof of it is not admitted in any case.”
In Pooler Building Materials, Inc. v. Hogan, 244 So.2d 62 (La.App. 1st Cir. 1971) as here, the invoices sued upon were signed by several different employees from time to time, and there was no evidence that the parties ever mutually agreed that the invoices represented anything more than receipts. The court held that there was no contract between the seller and buyer for the payment of interest and attorney fees, and rejected the demand for these items. See, also, Holzer Sheet Metal Works, Inc. v. Reynolds & Marshall, 43 So.2d 169 (La.App.Orl.1949); Maloney v. Oak Builders, Inc., 256 La. 85, 235 So.2d 386 (1970).
We do not agree that an “open account” can only represent sales of merchandise, for purposes of proving a prima facie case by affidavit. Where the parties have demonstrated an agreement over a period of time that services, labor and oth *242 er obligations between them may be billed and acknowledged by invoices on open account, such indebtedness, as well as that for the purchase of merchandise may be proved under LSA-C.C. Art. 1702. It would be an illogical and strained interpretation of that Article of the Civil Code to find that a creditor could prove thereunder the sale of $1,000.00 in appliances by affidavit, but would be required to prove a $25.00 installation charge by the testimony of a witness.
For the above and foregoing reasons, the judgment of the trial court is amended to provide that the interest on the principal amount of the judgment shall be .reduced to interest at the legal rate and to strike the award of twenty-five per cent, attorney fees, and the judgment appealed from as thus amended is affirmed. The plaintiff-appellee is to pay all costs of this appeal.
Amended and affirmed.
ELLIS, J., dissents and assigns written reasons.