HALL, Judge.
This is an action by a homeowner, Harvey D. Palmer, against the contractor who built his home, Michael Asaff, seeking to require the contractor to correct certain alleged defects or, in the alternative, to recover damages in the sum of $3,134.89, for the cost of repairing the alleged defects. Defendant denied generally the existence of the alleged defects and also contends plaintiff is barred from recovering for those defects admitted by plaintiff to have been known by him at the time he moved into the house and executed a written affidavit of acceptance.
After trial, pursuant to a well considered written opinion, the district court rendered judgment in favor of plaintiff for $295 as the cost of repairing certain of the alleged defects. Plaintiff appealed contending the trial court erred in not ordering defendant to make repairs of all the defects alleged or, in the alternative, in not allowing plaintiff to recover the full amount prayed for. Defendant answered the appeal contending the trial court erred in not dismissing plaintiff’s demands and in granting judgment for any amount against defendant.
*488 Plaintiff and defendant entered into a contract whereby defendant agreed to build a house for plaintiff according to certain plans and specifications for a cost of $30,000. On about April 10, 1971, plaintiff and his family moved into their new home and on April 14, 1971, plaintiff signed an affidavit of acceptance. Plaintiff alleged and testified that he knew of the existence of some of the alleged defects at the time he moved in and signed the acceptance, but that he had pointed out some of the items to defendant and defendant stated he would see that they were fixed along with any other defects that might appear. Defendant testified he sent workmen to the premises on numerous occcasions after the acceptance was signed with instructions to correct any defects pointed out by plaintiff or his wife.
The first issue on appeal is whether the trial court erred in considering the evidence relating to those alleged defects which plaintiff knew about prior to his signing the affidavit of acceptance. Defendant contends plaintiff is precluded from recovering for defects that were known to him or which were apparent at the time he signed the affidavit of acceptance, relying on the legal principals set forth in Maloney v. Oak Builders, Inc., 224 So.2d 161 (La.App. 4th Cir. 1969) modified 256 La. 85, 235 So.2d 386 (1970):
“It is also well settled that even if the owner proves the existence of the defects or omissions and the cost of repairing them, he is nevertheless barred from recovering the cost thereof if he accepted the work despite the patent defects or imperfections discoverable upon reasonable inspection. Acceptance, however, does not bar the owner from recovering for defects not readily discoverable by ordinary inspection, or for defects which manifest themselves subsequent to the acceptance, or for defects which are explicitly excluded from the terms of the acceptance.”
The trial court relied on Jack v. Henry, 128 So.2d 62 (La.App. 1st Cir. 1961) in holding that plaintiff was not barred from recovering for defects known to him at the time of signing the affidavit of acceptance and that plaintiff’s evidence in support thereof was admissible. The court in Jack held:
“We believe, as did the learned trial judge, that the case at hand is controlled by that line of jurisprudence established by Costanza v. Cannata, 214 La. 29, 36 So.2d 627, and Michel v. Efferson, 223 La. 136, 65 So.2d 115, which authorities clearly hold that to operate as a waiver of the right to claim damages for defective construction the owner must have intended such result and the burden is placed upon the contractor to show the owner had knowledge of the full extent of the damages and intentionally waived his rights. The Michel and Costanza cases, supra, are also authority for the principle that where an acceptance is granted with the understanding that items complained of will be corrected and completed, such acceptance does not constitute a waiver. In the latter case the court felt the action of the contractor in attempting to remedy some of the defects after acceptance was filed, indicated not only that the acceptance was not intended by the owner as a waiver but that such was also known and understood by the contractor.”
The decision of the trial court on this issue is correct. Although plaintiff knew of several defects at the time he signed the acceptance, he pointed out some of the items to the defendant and defendant agreed to repair them along with other items that might be found and defendant actually sent workmen to the home after the acceptance was signed to correct any defects found to exist. It is clear from the evidence that plaintiff did not intend to waive his right to claim damages for the alleged defects by signing the affidavit of acceptance. The acceptance was signed with the understanding that items complained of would be corrected. The contractor’s efforts to correct some of the alleged defects is further indication that the acceptance was not intended by the *489 owner as a waiver and that such was also known and understood by the contractor.
The next isssue on appeal is whether plaintiff is entitled to recover for any of the twenty-five alleged defects and, if so, the amount he is entitled to recover.
The basic law in regard to a contractor’s liability for failure to properly perform a building contract is stated in LSA-C.C. Art. 2769 as follows:
“If an undertaker fails to do the work he has contracted to do, or if he does not execute it in the manner and at the time he has^ agreed to do it, he shall be liable in damages for the losses that may ensue from his non-compliance with his contract.”
In order to recover from the contractor for construction defects, the owner must meet a dual burden of proof. He must prove (1) the existence of the defects; and (2) the cost of repairing the defects. Maloney v. Oak Builders, Inc., supra.
The evidence submitted by plaintiff consisted of his own 'testimony and the testimony of Robert Tate, a carpenter for twenty-five years who has worked for a local office building as a maintenance carpenter for the past seventeen years. Tate qualified as an expert in the field of carpentry but not in other areas of construction and his testimony was properly limited to defects related to carpentry. Tate inspected the plaintiff’s house on one occasion shortly before trial, almost two years after completion of construction.
The record contains evidence of the cost of repairing only eight of the twenty-five alleged defects. There being no evidence as to the cost of repairing the other seventeen alleged defects, plaintiff has failed to prove one of the two essential elements required under his dual burden of proof as set forth above and is not entitled to recovery therefor.
The trial court awarded plaintiff damages for the following items in the following amounts:
(1) Replace kitchen sliding door $40
(2) Replace frame and door to bath in master bedroom $60
(3) Repair door in den $35
(4) Replace weather stripping on exterior doors $25
(5) Replace cooktop base $50
(6) Plane and square beams in den $35
(7) Replace two sheets of paneling in den $50
Each of the items for which the trial court allowed recovery was testified by Tate as being a defect and an estimate of the cost of repairing each of these defects was given by the expert carpentry witness. This court has reviewed the evidence relating to these defects carefully and concludes the trial court was correct in its award of the cost of remedying these seven defects.
The remaining and most significant defect claimed by plaintiff relates to an interior hallway. Tate testified that two walls of the hallway are out of plumb by one inch requiring repairs or replacement of the two walls at a cost of $1,000. In rejecting this claim, the trial judge correctly summarized the evidence as follows:
“One of the major alleged defects had to do with an interior hallway, which petitioner claimed to be one inch out of plumb and, as to this item, Mr. Tate testified that he established this by measuring that area with the assistance of petitioner. We disallow this claim because of the testimony of witnesses called by defendant, including Mr. B. L. Park. The Court found Mr. Park to be well experienced in the construction field. This witness testified that even if the hallway was one inch out of plumb, this was well within tolerance and was acceptable in the industry. He was very *490 doubtful that this condition, assuming it existed, could even be detected by normal observation. Mr. George Kelly, a holder of a master carpentry card and who has been engaged in that field for 25 to 30 years, testified that he and Mr. John Banks performed the carpentry work and used a plumb rule to be certain that the hall was not out of plumb.
“Mr. Banks concurred that the hallway was not out of plumb when he and Mr. Kelly did the job. All three of these witnessses testified that it is not uncommon for some amount of warping to occur over a period of time, usually because of the wood stud materials drying out, but that this is a condition which is standard and that the existence of such condition, even if it produced some one inch out of plumb, is not noticeable upon normal observation and in no way affects the structural quality.”
The record fully supports the conclusions of the trial court in regard to the hall walls.
For the reasons assigned, the judgment of the district court is affirmed at plaintiff-appellant’s costs.
Affirmed.