PRICE, Judge.
Donald Watkins has appealed the judgment awarding him $250 general damages resulting from Waller Oil Company’s illegal eviction of Watkins from a service station leased from Waller. The issue is the adequacy of the award to plaintiff.
Waller, a Shell distributor, leases a service station in Jonesboro from the Shell Oil Company. In August, 1973, Watkins became the operator of the station under an oral sub-lease from Waller at a rental price of 1.5 cents per gallon for gasoline delivered to him. Watkins was required to market only Shell products distributed by Waller. At the beginning of the lease, Watkins was required to pay for the cost of each load of gasoline, plus the rental charge of 1.5 cents at the time of delivery of gasoline. During January, 1974, Watkins was granted permission to pay for each load at the time of delivery of the succeeding load, which is called a “load to load payment” in the trade. This credit arrangement was made to assist Watkins in overcoming financial difficulties. After the return of several of Watkins’ checks due to insufficient funds, Watkins was required to pay for gasoline *1265 and rental in either cash, money orders, or credit card purchase invoices. In August, 1975, Watkins’ financial condition became worse, and he was unable to pay for purchases on the load to load arrangement. Waller offered to deliver partial loads of gasoline on a cash on delivery basis. During the last week of August, two partial loads of gasoline were delivered to Watkins for which payment was not received, and on August 28th, an employee of Waller was sent to Jonesboro to collect for the amount then due, or lock the gasoline pumps on the station. Watkins was unable to pay, and the pumps were locked in accord with Waller’s instructions.
Watkins filed this suit for damages on September 19th, and on November 4th, Waller filed suit to evict Watkins, and to collect the past due account for merchandise and rent.
The eases were consolidated for trial, and judgment was rendered awarding Watkins damages of $250 for an illegal eviction, and against Watkins for $820.75 for the amount owed to Waller.
The trial judge found Watkins had not suffered any loss of income because of the illegal acts of Waller. The evidence supports this conclusion.
The tax returns and other evidence show Watkins was operating an unprofitable business during 1974 and 1975. He could not pay for gasoline purchases, and probably would have been out of business within a day or two had Waller not locked the pumps. The day following the placing of locks on the pumps, Waller offered Watkins the opportunity to reopen, provided suitable arrangements would be made for payment of gas, and Watkins indicated he was not interested in continuing business.
Watkins contends that several items of equipment belonging to him were locked in the building by Waller, which constitutes a conversion for which he should also be compensated. The evidence shows the locks on the building were not changed for a period of three weeks after the locking of the pumps. During this time, Watkins had ample opportunity to remove his equipment. No attempt was made by Waller to prevent him from taking the equipment, and it was removed in early November. Therefore, no damage was shown for the alleged conversion of movable equipment.
Under the circumstances presented, the sum awarded by the trial court for general damages for humiliation and embarrassment is within the discretion accorded the trier of facts in determining damages.
The only other persons who had knowledge of the locking of the pumps besides Watkins were his wife and two employees. The action took place after six o’clock in the evening, and the opportunity was extended to Watkins to reopen the following day if he could secure the necessary financing.
The evidence does not show plaintiff has sustained any damage to his credit standing.
Plaintiff also contends the trial court erred in not awarding him attorney’s fees. He contends Waller was in bad faith by evicting him without legal process, and that the breach of a contract in bad faith entitles the adverse party to attorney’s fees as an element of damages.
As a general rule, attorney’s fees are not allowed except where authorized by statute or contract. Maloney v. Oak Builders, Inc., 256 La. 85, 235 So.2d 386 (La.1970); Walters Air Conditioning Company, Inc. v. Firemen’s Fund Insurance Company, 252 So.2d 919 (La.App. 2nd Cir. 1971). We have found no authority to support plaintiff’s contention that the illegal eviction of a lessee renders the lessor liable for attorney’s fees as an element of damage for breach of contract.
The parties have stipulated the judgment in favor of Waller for $820.75 should be reduced to $541.01.
The judgment, as amended, is affirmed at appellant’s costs.