LOTTINGER, Judge.
These consolidated cases, arising out of the construction of a low-cost housing project in the town of White Castle, involve the contractual relationships between the general contractor, Roussel-Hart Contractors (Roussel-Hart), the subcontractor of the plumbing and sewer system, Globe Plumbing, Heating and Air Conditioning Company (Globe), and the owner, The Housing Authority for the Town of White *1056 Castle, Louisiana (Housing Authority). The principal contractor sued on the basis of failure to pay the remaining funds due on the contract and the Housing Authority reconvened for liquidated damages, the cost of dirt fill, sidewalk repairs and additional architect’s and attorney’s fees. The subcontractor’s suit is also based on a failure to pay the complete subcontract by the principal contractor. In Roussel-Hart’s reconven-tional demand they request reimbursement of any assessed liquidated damages attributable to Globe, the cost of repair work done to the sewer system and the corrective dirt work used therein, and other charges which have been settled and are not here on appeal. In well written reasons for judgment, the Trial Judge clearly and distinctly set forth all of the facts and his conclusions.
In suit number 11602, Globe v. Roussel-Hart, the Trial Court awarded Roussel-Hart on its reconventional demand the sum of $23,728.48 as follows:
“Amount paid by Roussel-Hart to correct
the gravity sanitary sewer system-$ 8,151.06
Damages by Globe to Building C-21-$ 55.92
Plumbing and Sewer permits-$ 1,180.00
Water tapping fees -$ 350.00
Refund for corrective dirt work -$ 2,236.50
One-half of liquidated damages for 135 days at $116.00 per day -$ 7,830.00
One-half additional architect’s costs-$ 1,300.00
One-half of attorney fee for Patrick W. Pendley_$ 2,625.00
Total $23,728.48”
The reconventional demand award was subject to a credit of $15,343.62 in favor of Globe on its main demand.
Additionally, in suit number 11653, the Trial Court awarded Roussel-Hart in its suit against the Housing Authority the sum of $39,472.22, less $27,118.30 in favor of the Housing Authority on its reconventional demand, which was computed as follows:
“A) Liquidated Damages for Delay — (135 days) at $116.00 per day_$15,660.00
B) Amount paid S. J. Guercio for sand and dirt fill _$ 2,236.50
C) Sidewalk repair_$ 1,505.80
D) Architect costs beyond original costs due to delays and corrective work ...$ 2,600.00
E) Attorney Pee _$ 5,116.00
TOTAL _ $27,118.30”
In suit number 11602, Globe, the appellant argues that the Trial Judge committed error in finding that (1) the sewer system was defective and corrective work was necessary, (2) the local codes and regulations were not complied with, (3) as subcontractor they were assessable half of the attorney’s fees, liquidated damages and architect’s fees, (4) the corrective dirt work was used in connection with the sewer lines and the contract for said work was not illegal, null and void. In the consolidated suit number 11653, Roussel-Hart, the appellant therein contends that the errors committed by the Trial Judge’s findings are that of (1) the sewer system not meeting the plans and specification, (2) assessing liquidated damages, (3) awarding attorney’s fees and architect’s fees and (4) awarding the cost of the sidewalk repairs.
In order to facilitate this appeal, the Court will conjointly view these specifications of error under the specific issues of (1) the construction and correction of the sewer system, (2) the assessing of liquidating damages and failure to grant extensions of time, (3) the awarding , of attorney’s fees and architect’s fees, (4) the reimbursement for the purchases of dirt from the Mayor of the town of White Castle and (5) the valuation and assessing of the^ necessary sidewalk repairs.
ISSUE NO. 1
The Trial Judge’s determination, “there was no doubt whatsoever the sewer system was defective and corrective work necessary”, is in complete accord with the record on appeal. The plans specifically called for the tamping[1] of the lines and the *1057 laying of a proper foundation for the sewer system. The testimony clearly demonstrates that the method employed by Globe in tamping the lines was contrary to the method called for in the plans and specifications. The conclusion, the improper method of installation mandating the corrective work, is logically inferred from the numerous inspections of the lines which revealed dips and a broken joint.
This is a gravity sewer system where maintaining the proper grade is crucial to the operation of the system. Dips in the line which were revealed in the televised inspections showed the grading of the line to be off enough to hinder its proper operation; there being a retention of water in the lines. The acceptance of the project by the Housing Authority depended upon the correction of the dips in the line. Until those corrections were performed the project, according to the Housing Authority, could not be considered substantially complete. The substantial completion date as determined by the Housing Authority was June 24, 1974, two days following the completion of the corrective sewer work. We see no error in the findings of the Trial Judge that the lines were defectively installed and that the corrective work was necessary.
ISSUE NO. 2
In assessing liquidated damage ($116.00 per day) Roussel-Hart contends that all requests for extensions of time should have been granted and that no liquidated damages are due and owing. The record contains lengthy discussions on the amount of rain and the number of employees working on the days claimed by Rous-sel-Hart. According to Roussel-Hart they were plagued with hurricanes, delayed approval of change orders and strikes, and that any delay because of the unacceptability of the sewer lines was totally chargeable to Globe.
The Housing Authority felt that the slow progress was not only due to the weather conditions but was attributable to Roussel-Hart’s failure to properly man the project. The poor workmanship of Roussel-Hart which required correction before the acceptance of the project, also justified the assessment of liquidated damages.
The amount assessed against Globe (one-half of the liquidated damages) is within the range of time for which the delay is attributable to the defective sewer lines and the time entailed in correcting them. The Trial Judge’s award of 135 days of liquidated damage, split between Globe and Roussel-Hart, is not found to be excessive and we find no error in this assessment.
ISSUE NO. 3
The contract under which the parties are suing contains no stipulation for attorney’s fees or extra architectural fees. The Trial Judge erred in concluding the contract incorporated by reference Section 10(f) of the Instructions to Bidders which states that the bond would include the payment of reasonable attorney’s fees and extraordinary engineering fees. It is clear from the record that there is no reference to the Instructions to Bidders in the contract thus, there being no statute compelling the payment of these fees, we find their assessment to be in error. Maloney v. Oak Builders, Inc., 256 La. 85, 235 So.2d 386 (1970).
ISSUE NO. 4
The Trial Judge was apparently of the opinion that the legality of the contracts with the Mayor had no real significance, but rather, the question was who was going to pay for the dirt used. Argument in brief is aimed more at the factual conclusions of the Trial Judge than to the legality of the contract. After a thorough review of the record on this issue, we do not find any error on the part of the Trial Judge in his conclusion that the extra fill was necessitated by the work of Globe, and that the price was reasonable.
ISSUE NO. 5
The need for sidewalk repairs and the value of those repairs exclusively involves Roussel-Hart and the Housing Au *1058 thority. The record indicates that the sidewalks were in need of repair and that any alleged faulty design has no affect on the one year warranty given by Roussel-Hart for repair to the sidewalks. Differing evaluations for the necessary repair work were presented to the Trial Judge and his award of $1,505.80 is reasonable and equitable. We can find no error in this holding.
Therefore, for the above and foregoing reasons, the judgment of the Trial Court is amended to provide in suit number 11602 that there be judgment on the reconven-tional demand in favor of Roussel-Hart in the amount of $19,803.48, and in suit number 11653, that there be judgment on the reconventional demand in favor of the Housing Authority in the amount of $19,-402.30, and in all other respects, the judgment of the Trial Court is affirmed. All costs of this appeal are to be paid equally by Roussel-Hart, Globe, and the Housing Authority.
REVERSED IN PART, AMENDED AND AFFIRMED.

. Tamping is a process by which pipes are secured in the trenches by hand pressing dirt around them and for six inches to a foot on top of them. The pressing is usually done with a tamper.