GAUDIN, Judge.
Appellant in this contract dispute is Ken-ner Industries, Inc., which contends that the *1192 trial court erred in its interpretation of this clause in a sand-hauling agreement:
“Unit Price $4.20 compacted in place.”
According to the contract between Ken-ner Industries and appellees, Sewell Plastics, Inc., and Joe N. Guy Company, Inc., Kenner Industries was to deliver approximately $63,000.00 worth of sand to a job site in Reserve, Louisiana, then spread the sand and compact it. There is no dispute over the fact that Kenner Industries was to be paid $4.20 per cubic yard.
The controversy is over the time and place the sand was to be measured. Kenner Industries’ position is that the sand, according to the contract, was to be measured while still in the dump trucks and before actual delivery. Appellees, on the other hand, argue that the sand, according to the contract, was to be delivered, spread and compacted in place and then measured.
The trial judge agreed with appellees, saying in assigned reasons:
“... The contention of plaintiff (Kenner Industries) that it is entitled to be paid $4.20 for each cubic yard of sand hauled and dumped onto the job site must be denied. While it is the industry custom in this area to charge by the truck load, usually 12 yards to the load, this contract called for $4.20 per cubic yard compacted in place. Absent any showing of fraud or misrepresentation, this court must conclude that plaintiff was to be paid $4.20 per cubic yard for each compacted yard in place.”
The district judge then calculated that Kenner Industries was owed $16,707.68, having been paid $67,549.00 of the $84,-256.68 due. Kenner Industries feels that $99,678.96 is actually due and owing.
Appellant cites Jenkins v. City of Denham Springs, 216 So.2d 549 (La.App. 1st Cir.1968), which involved a dispute similar to the one now before us. However, the contract in Jenkins was not specific, and the court noted that:
“... neither the contract nor specifications recite whether the estimated cubic yardage contemplated is to be measured in terms of loose fill excavated or compacted yardage in the levee proper. ..”
In the instant case, the trial judge obviously concluded that the contract was not ambiguous, although the record does indicate that appellant thought it would be paid for cubic yards measured in the delivery trucks. Considering the contract itself and the testimony of the various witnesses, we cannot say that the trial judge came to an erroneous conclusion.
Legal agreements have the effect of law upon the parties, and they are bound by their agreement regardless of any seemingly harsh consequences, provided the agreement is not contra bonos mores or in violation of some prohibitory law. Further, courts are bound to give legal effect to all contracts according to the true intent of the parties. Intent is to be determined by the words of the contract, when same are clear, explicit and lead to no absurd consequences. See Smith v. Moncrief, 421 So.2d 1127 (La.App. 3rd Cir.1982); Maloney v. Oak Builders, Inc., 256 La. 85, 235 So.2d 386 (1970); and LSA-C.C. arts. 1901 and 1945.
We therefore affirm the judgment of the 29th Judicial District Court in favor of Ken-ner Industries, Inc., in the amount of $16,-707.68, with appellant to bear all costs.
AFFIRMED.