ON LIMITED REHEARING
PER CURIAM.
We granted a rehearing in this matter to consider two limited issues.
The first issue is Eastover’s asserted right to recover from Famet, the architect. Our original holding precluded recovery because Famet was also general partner of LMI, the original owner of the building, and Eastover’s ancestor in title. We held that because Famet had knowledge of the defects when the building was constructed and because he failed, as owner, to object to those defects, Eastover, as LMI’s successor in title, is estopped from asserting that claim.
Eastover argues on rehearing that they should be entitled to recovery against Far-net, the architect, either under an implied warranty theory or because of Famet’s breach of its contract with LMI. After careful consideration we reject both arguments. As noted by Eastover in their rehearing brief, their rights are derived as successors in interest to the owner, LMI. These rights are derived by operation of law, Degeneres v. Burgess, 486 So.2d 769 (La.App. 1st Cir.1986) and by the language of the Dation en paiement. However, in neither instance can these acquired rights be greater than those of LMI. Because we have determined that LMI had waived its right to recover by accepting the work with full knowledge of the defects, Eastover is also estopped from recovering.
The second issue is Martin’s right to indemnification from Mechanical Construction Co. for attorney fees in defending this matter.
Martin relies on the indemnity provisions of its contract with Mechanical. Mechanical argues that contractual indemnity agreements should be strictly construed against the maker (Martin). They also cite Maloney v. Oak Builders, 256 La. 85, 235 So.2d 386 (1970) for the proposition that where several subcontractors are sued each subcontractor cast in judgment is liable to the general contractor for its pro-rata share of attorney fees based on its pro-rata share of the total damages.
In its reasons for judgment, the trial court reserved to each party the right to present evidence on its claim for attorney fees and expert costs.
The indemnity provisions contained in the subcontract between Martin and Mechanical contain the following provisions:
“Subcontractors shall turn said work over to the contractor in good condition and free and clear of all claims, encumbrances or liens and shall protect said subcontractor and owner from all claims, encumbrances and liens growing out of the performance of the subcontractor. Subcontractor will at its own costs including attorney’s fees defend all suits to establish such claims or paying such claims as they are established.
The suit filed by Eastover asserted liability on the part of Martin, Mechanical and others. Although this court now holds that Eastover is not entitled to recovery, we are of the opinion that the clear wording of the indemnity provision entitles Martin to re *1364 cover those fees and costs incurred in defending the claim brought against it as a result of work performed by Mechanical. Therefore, the matter is remanded to the trial court to determine the costs and attorney fees incurred by Martin in this regard keeping in mind that a portion of Martin’s expenses were incurred defending the allegations of its own neglect and poor workmanship.
For the above and foregoing reasons, our original holding is amended to allow Martin Builders, Inc. to recover attorney fees and litigation costs consistent with this opinion. In all other respects, we abide by our original holding reversing this matter.
REVERSED AND REMANDED.