li DALEY, Judge.
This is an appeal taken from the trial court’s denial of a Rule for Payments of Costs. For reasons assigned, we affirm the judgment of the trial court.

Procedural History:

Jennifer Lynn Blanque has been severely disabled since birth. Her parents, appellant, Kathleen Dwyer, and appellee, David Blan-que, were divorced on December 23, 1982. After Jennifer reached the age of majority, her mother instituted tutorship proceedings. Following Ms. Dwyer’s confirmation as Jennifer’s tutrix, she filed a Rule to Show Cause against Mr. Blanque for further support for Jennifer. Following a trial, Mr. Blanque was ordered to pay $600.00 per month in support and fifty (50%) percent of any uncovered medical bills. He was also ordered to pay attorney fees to Ms. Dwyer on behalf of Jennifer. Mr. Blanque appealed this judgment. In Tutorship of Blanque, In re, 97-249, (La.App. 5th Cir. 9/30/97), 700 So.2d 1077, this Court affirmed the support award, but reversed the award of attorney fees, stating:
Attorney fees may not be awarded in the absence of a valid contractual agreement between the parties for the payment of fees or explicit statutory authority therefore. Maloney v. Oak Builders, Inc., 256 La. 85,235 So.2d 386 (La.1970).
Kathleen Dwyer argues that, in the absence of legislation on the issue, the court should decide the case according to equity, resorting to justice, reason and prevailing usages. La. C.C. art. 4.
Despite the obvious equity in her argument, we find that legal authority does not support her position. It is the general rule that attorney fees are not allowed except where authorized by statute or contract. Maloney v. Oak Builders, Inc, supra. Even if the court were to analogize this ease to similar cases, as she requests, we find that in child support cases, attorney fees are not awarded for bringing the action to se the support, but only to enforce the support judgment thereafter.
This Court did, however, assess costs of the appeal against Mr. Blanque.
On October 6, 1997, Ms. Dwyer filed a Rule for Payment of Costs, asking that all costs, inclusive of attorney fees associated solely with the appeal, be taxed against Mr. Blanque. Mr. Blanque filed an Opposition to *1133 this motion. The trial court denied Ms. Dwyer’s motion stating:
... although the equities in this matter cry out for an award of attorney’s fees in order that the amount of support awarded for the care of this young woman not be burden, the Court finds no authority upon which it can base an award of attorney’s fees.
Ms. Dwyer has appealed the judgment denying her Rule for Payment of Costs to include attorney fees.

Discussion:

On appeal, Ms. Dwyer argues that this court has authority to include the attorney fees as costs pursuant to La. R.S. 13:4533, which states:
kThe costs of the clerk, sheriff, witness’ fees, costs of taking depositions and copies of acts used on the trial, and all other costs allowed by the court, shall be taxed as costs.
Appellant contends that because of the circumstances of this ease, equity and fairness requires that the attorney fees incurred as a result of Mr. Blanque’s appeal of the support award be paid by Mr. Blanque, rather than out of the money needed for Jennifer’s support. Appellant further argues that it is not necessary for the appellate court to find an appeal is frivolous in order to award costs incurred as a result of the appeal, including attorney fees. In support of this argument, appellant cites C.C.P. art. 2164, which states:
The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages for frivolous appeal and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.
It is well settled that attorney fees may not be awarded in the absence of a valid contractual agreement or explicit statutory. Killebrew v. Abbott Laboratories, 359 So.2d 1275 (La.1978). Although the trial court has great discretion in awarding costs, the long standing rule of law is that attorney fees are not included in costs. State ex rel. Landry v. Morning Star Benevolent Ass’n, 132 So. 159, 15 La.App. 419, (La.App.1931). Thus, we see no error in the trial court’s ruling.
Accordingly, the judgment of the trial court is affirmed.

AFFIRMED.

GOTHARD, J., CONCURS.