CLARENCE E. McMANUS, Judge.
 

 li>On November 15, 2005, plaintiff Daniel T. Zullo filed a Petition for Damages for Breach of Contract and Fraud. He named as defendants Daniel J. Paradela, Tina M. Paradela and Team Vending, Inc. In his petition, Zullo alleged that on September 2, 2004, he entered into a contract with the defendants where he agreed to purchase eight vending machines for $21,750.00. He was guaranteed that each machine would do a minimum of $50.00 weekly, average profits. Defendants would provide the machines, the accounts and the locations, and he would stock the machines and retain the profits. Zullo remitted a check for $21,750.00 which defendants negotiated.
 

 On October 12, 2004, and before Zullo received the machines and accounts, defendants presented a new list of potential accounts, requiring the purchase of an additional 8 machines for an additional price of $20,000.00. This amount was also paid by Zullo.
 

 |aBy the second week of November, 2004, defendants still had not complied with the terms of the contract, and had provided only four machines, which were not any of the machines listed in either sale. Zullo requested a partial refund, but was told that the money had been spent on other obligations. In March of 2005, Zullo again requested a refund, or performance under the contract, however did not receive the same. At the time of the filing of
 
 *957
 
 suit, Zullo had received only six functioning machines and one non-functioning machine.
 

 In this suit, Zullo alleges that defendants did not own the machines that they provided to him. He alleges that defendants breached the contract between them by providing only 6 machines, which were not any of those agreed upon in the contract and which were not actually owned by, but only leased to, defendants. He further alleges that defendants converted his $41,750.00 for their own personal use to pay obligations not related to the contracts at issue (for example, a mortgage on property owned by defendants). Zullo alleges that defendants fraudulently induced him to invest in a business agreement that they had no intentions of performing, and that they fraudulently sold to him vending machines that they did not own
 
 [1]
 
 . He further alleges that the individual defendants perpetrated the fraud for their own personal gain despite the fact that they represented themselves as a corporate entity, that the corporation was undercapitalized and that corporate formalities were not followed, and that the corporation was not in good standing with the Louisiana Secretary of State. Thus, the corporate entity, Team Vending, Inc., was the alter ego of the individual defendants, and they are personally liable.
 

 On April 9, 2009, the trial court rendered judgment in which a finding of fraud was rendered against Team Vending, Inc. and Daniel Paradela only. Damages of $5,000.00 and court costs were awarded. The judgment remained 14open for a determination of costs subject to an offset of the amounts earned by the vending machines that plaintiff had received.
 

 On March 10, 2010, the court awarded attorney fees of $17,750.76, for a total award of $22,750.76. Team Vending, Inc. and Daniel Paradela have appealed from this ruling
 
 [2]
 
 .
 

 Thereafter, on April 7, 2010, Zullo filed a Judgment Debtor Rule. Thereafter, on June 17, 2010, Paradela filed a Rule to Show Cause, in which he requested that the court find that the award of damages and court costs had been satisfied. The Judgment Debtor rule was not heard. Instead, on July 22, 2010, the trial court rendered judgment on the Rule to Show Cause finding that defendants had satisfied the damages award as well as the award for court costs of $8,760.01, and there remained only the award of attorney fees to be satisfied. An amended judgment was signed on July 27, 2010 to correct a typographical error. Plaintiff Zullo has appealed from this ruling.
 

 Defendant, Daniel J. Paradela, in his appeal to this Court assigns as error the following, that “The Trial Judge erred in awarding Appellee attorneys (sic) fees in its March 10, 2010 Judgment, when the Trial Judge was only empowered by his Judgment of April 9, 2009 to make a determination regarding the award of costs.”
 

 
 *958
 
 At the conclusion of the April 9, 2009 trial, the court found that a case of fraud had been established against Daniel Pa-radela. Defendants do not allege error in this finding of the trial court.
 

 The party against whom rescission is granted because of fraud is liable for damages and attorney fees. LSA-C.C. art. 1958;
 
 Skannal v. Bamburg,
 
 44,820 (La. [App-5 2 Cir. 1/27/10), 33 So.3d 227;
 
 Simmons v. Clark,
 
 08-431 (La.App. 5 Cir. 1/27/09), 8 So.3d 102. Accordingly, the trial court had the authority to award attorney fees in this matter.
 

 The April 9, 2009 judgment states that
 

 ... court costs are also awarded to the plaintiff ... The matter shall remain open pending submission of evidence pertaining to monies earned ... Upon submission of the earnings from those machines, the Court will supplement its judgment as it pertains to any additional costs which may be due and owing ...
 

 Defendants assert that this language precludes an award of attorney fees, because attorney fees are not a “cost” in a legal proceeding. We disagree with defendant’s contention.
 

 In oral reasons, the court stated that
 

 I therefore order, as it is consistent with the argument of mitigation, first that the actual court costs in this proceeding I’m going to assign to be paid by Mr. Paradela.
 

 As to attorney’s fees, the cost of making copies, the cost of postage and everything else, I’m going to hold that award open and subject to traversal until mitigation ...
 

 This was reduced to writing in the judgment which states that court costs are awarded, and other costs were left open pending evidence of mitigation. We find that costs as set forth in this judgment were plaintiffs costs in litigating the matter, including attorney’s fees.
 

 In its opposition, defendant cites
 
 In re Tutorship of Blanque,
 
 98-428 (La.App. 5 Cir. 11/25/98), 722 So.2d 1132, 1133, in which the court said that “It is well settled that attorney fees may not be awarded in the absence of- a valid contractual agreement or explicit statutory. Although the trial court has great discretion in awarding costs, the long standing rule of law is that attorney fees are not included in costs.” That case involved a cause of action in which attorney fees were not provided by law or by contract. The plaintiff requested that attorney’s |fifees be assessed as court costs, in the interest of equity. This is not the situation presented in this matter, where the award of attorney’s fees was sanctioned by LSA-C.C. art. 1958.
 

 We therefore find no error in the trial court’s ruling of March 10, 2010 awarding attorney’s fees to plaintiff.
 

 Plaintiff, David Zullo, in his appeal to this Court alleges that the trial court erred in its judgment of July 22, 2010 (and amended judgment of July 27, 2010) in that it improperly ruled that the amount of profit satisfied the judgment for damages and costs, since the court previously deducted that same amount from the assessment of attorney fees when rendering the March 10, 2010 judgment.
 

 As stated
 
 supra,
 
 the trial court ruled in its April 9, 2009 judgment that plaintiff was entitled to $5,000.00 in damages.
 

 At the March 10, 2010 hearing, plaintiffs attorney presented evidence to show plaintiff had incurred attorney fees totaling $23,694.75 and costs of $3,481.01 for a total obligation of $27,582.76. The court asked plaintiffs attorney “So, basically, you’re asking that the legal fees which you claim are $27,582.76, okay, that from that amount be deducted the 9,875 (sic)”, to which plaintiffs attorney replied “Yes.”
 
 *959
 
 Thereafter the court stated, “Judgment rendered as prayed for. Do the math.” In accordance, the trial court rendered and signed a judgment stating that setting attorney’s fees at $17,750.76 ($27,582.76 minus $9,875.00). The court then added the damage awarded of $5,000.00 previously rendered for a total award of $22,750.76. We note that counsel incorrectly stated the total amount owed as $27,582.76, when it should have been $27,175.76, according to his own testimony. Applying the $9,875.00 credit, that amount of costs and attorney fees to plaintiff should have been stated as $17,300.76, and we amend the March 10, 2010 judgment to reflect this amount.
 

 17At the July 22, 2010 hearing, the court stated that the profits claimed extinguished or satisfied the damages plus costs award. The court then ruled that the damage award of $5,000.00 and costs of $3,760.01
 
 [3]
 
 of were satisfied (by the profits received) and that the only amount owed by the defendant was the attorney fee award of March 10, 2010 (which the court had stated at the March 10 hearing as $17,750.76.)
 

 In his appeal, plaintiff asserts that the trial court erred in its July 27, 2010 judgment by giving a second credit for the same profits that it had credited against attorney’s fees in the March, 10, 2010 judgment.
 

 Our review of the record reflects that the trial court did err in its second judgment when it found that the profits received by plaintiff could offset the damage award, since the court had previously applied that same profit amount to offset the award of attorney fees. Furthermore, there was no evidence introduced to show that defendant had paid any amounts toward the March 10, 2010 judgment. We therefore find that the trial court erred in failing to include the damage award of $5,000.00 when rendering judgment on defendant’s rule to show cause.
 

 Recalculating the awards in this case we determine that that award to plaintiff should have been costs and attorney fees in the amount of $17,300.76
 
 [4]
 
 and damages of $5,000.00. Accordingly we amend the trial court’s judgment of July 27, 2010 to state that the damages were not satisfied, and to reflect that the remaining amounts owed by defendant are attorney fees in the amount of $17,300.76 and damages of $5,000.00. As amended, we affirm the judgment of July 27, 2010.
 

 |sFor the above discussed reasons, the trial court’s judgment of March 10, 2010 is amended to state that the amount of costs and attorney fees owed is $17,300.76, and as amended, is affirmed. The trial court’s judgment of July 27, 2010 is amended to reflect that the damages award was not satisfied and that remaining amounts owed by defendant are attorney fees and costs in the amount of $17,300.76 and damages of $5,000.00, and as amended, affirmed. Costs of this appeal are assessed to defendants.
 

 JUDGMENT OF MARCH 10, 2010 AMENDED AND, AS AMENDED AFFIRMED;
 

 JUDGMENT OF JULY 27, 2010 AMENDED, AND AS AMENDED, AFFIRMED.
 

 [1]
 

 . Pepsi filed a petition for intervention, alleging that they had leased to defendants some of the machines that were allegedly sold to Zul-lo. The petition for intervention was ultimately dismissed.
 

 [2]
 

 . The return of the purchase price of the machines was not at issue in this case, only damages for fraud, including costs and attorney fees. The exhibits present in this case include a nolo contendré plea in the case of
 
 State v. Daniel Paradela,
 
 No. 06-3608 (24th Judicial District Court for the Parish of Jefferson). In that guilty plea, Paradela's sentence was deferred and he was placed on 12 months inactive probation, and assessed cost costs and fines, including $26,500 in restitution. The plea form contains language as follows “The $26,500 represents the formal acceptance of the offer presented in the pending civil case,
 
 Zullo v. Paradela et al.”
 

 [3]
 

 . This figure disagrees with the testimony at the March 10, 2010 hearing that costs were $3,481.01.
 

 [4]
 

 . We calculated this amount as follows — at the March 10, 2010 hearing, counsel presented evidence to show that was owed fees of $23,694.75 and costs of $3,481.01, for a total of $27,175.76. From this amount we subtracted Zullo’s profits of $9,875.00.