# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

MAXIMIZED MARKETING, LLC

VERSUS

BALDWIN MOTORS, INC., D/B/A
BALDWIN LINCOLN AND BALDWIN
SUBARU

NO.  2025 CW 1118

**JANUARY 30, 2026**

---

In Re:   Brad Pender, as distributee of Maximized Marketing, LLC,
         applying for supervisory writs, 22nd Judicial District
         Court, Parish of St. Tammany, No. 202014208.

---

**BEFORE:   McCLENDON, C.J., GREENE AND STROMBERG, JJ.**

**WRIT GRANTED WITH ORDER.**  The district court's July 31, 2025 ruling which overruled the objection of plaintiff, Maximized Marketing, LLC, by and through its distributee, Brad Pender, to the amount of the suspensive appeal bond set by the district court is reversed.  When the judgment is for a sum of money, the amount of the security for a suspensive appeal shall be equal to the amount of the judgment, including the interest allowed by the judgment to the date the security is furnished, exclusive of the costs.  La. Code Civ. P. art. 2124(B)(1).  The judgment at issue awarded attorneys' fees in the sum of 33 1/3% of the principal sum awarded in the same judgment, along with interest.  The long standing rule of law is that attorneys' fees are not included in costs.  **In re Tutorship of Blanque**, 98-428 (La. App. 5th Cir. 11/25/98), 722 So.2d 1132, 1133.  The only exclusion provided by La. Code Civ. P. art. 2124(B)(1) with regard to the calculation of a suspensive appeal bond is "costs".  Costs do not include attorneys' fees.  **Id.** Accordingly, this matter is remanded to the district court with instructions to increase the amount of the suspensive appeal bond to include a calculation considering the attorneys' fees awarded in the judgment at issue.

**PMc**
**HG**
**TPS**

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
    FOR THE COURT