NOT DESIGNATED FOR PUBLICATION

**STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT**

**17-422**

**JOHN CABRERA**

**VERSUS**

**JENNIFER ANN BERRY CABRERA**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 250,569
HONORABLE PATRICIA EVANS KOCH, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**D. KENT SAVOIE
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Marc T. Amy, D. Kent Savoie, and Van H. Kyzar, Judges.

**AFFIRMED.**

**Michael Hathorn Davis**
**Attorney at Law**
**2017 MacArthur Dr, Bldg 4, #A**
**P.O. Drawer 12180**
**Alexandria, LA 71301**
**(318) 445-3621**
**COUNSEL FOR DEFENDANT/APPELLANT:**
 **Jennifer Ann Berry Cabrera**

**John Joseph Cabrera**
**In Proper Person**
**2204 Worley Drive**
**Alexandria, LA 71301**
**APPELLEE**

**SAVOIE, Judge.**

Jennifer Cabrera ("Jennifer") appeals the trial court's denial of her petition seeking to enforce a judgment of partition against her former husband, John Cabrera ("John"). For the following reasons, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

On August 4, 2015, Jennifer filed a petition to partition community property, noting that a petition for divorce had been filed July 14, 2014. A consent judgment partitioning the former community property was signed on May 25, 2016, stating in part:

> [I]t is
>
> ORDERED, ADJUDGED AND DECREED that John Joseph Cabrera will receive full ownership of the property, the former family home . . . upon his securing refinancing of the present mortgage on the said former family home and upon him paying to Jennifer Ann Berry Cabrera the sum of $15,000. In order to facilitate his ability to secure refinancing, the said Jennifer Ann Berry Cabrera will sign a Buy and Sale Agreement wherein she agrees to sell to John Joseph Cabrera the said family home property for the sum of $15,000;
>
> FURTHER ORDERED, ADJUDGED AND DECREED that in the event that John Joseph Cabrera is unable to secure refinancing on or before August 5, 2016, on August 6, 2016, the property will be placed on the market for sale. If the former family home has to be placed on the market for sale, Jennifer Ann Berry Cabrera, shall have the first right of refusal to purchase the home at a price of $225,000.00 less the sum of $15,000.00 which is owed to Jennifer Ann Berry Cabrera by John Joseph Cabrera;
>
> FURTHER ORDERED, ADJUDGED AND DECREED that should John Joseph Cabrera secure refinancing, the said Jennifer Ann Berry Cabrera will sign a deed transferring the former family home to John Joseph Cabrera for the sum of $15,000.00 said deed to be executed simultaneous with the refinancing closing[.]

On January 6, 2017, Jennifer filed a "Petition to Enforce Judgment of Partition of Former Community Acquets and Gains," alleging that John had failed to secure refinancing of the former family home prior to the August 5, 2016 deadline stated in the consent judgment. The only relief she requested was to have

the former family home placed on the market for sale with a right of first refusal to purchase the property granted in her favor.

On February 13, 2017, the trial court met with the parties for a pretrial conference. John was not represented by counsel. The minutes from that date state that following the pretrial conference, "the parties were sworn. Documents ha[d] been requested from the credit union. [Jennifer's] counsel [would] submit a letter to the court within five days of receipt of the requested documents. The [trial] [c]ourt will take the matter under advisement at that time."

On February 22, 2017, the trial court rendered a judgment that included written reasons as well as copies of the requested loan documents from La. Capitol Federal Credit Union. In its written reasons, the trial court found that John did in fact secure refinancing prior to the August 5, 2016 deadline, stating:

> The documents reflect that John Cabrera submitted his application via the internet for refinancing July 29, 2016. A loan estimate was disclosed August 1, 2016, and the bank approved the title commitment August 3, 2016. On August 4, 2016, the loan was set to final with August 17, 2016, being the date the loan was approved. Defendant was given 90 days to complete his task of "securing refinancing" which the records indicate he did. . . . The [c]ourt takes special note that petitioner failed to file her rule immediately upon the defendant's alleged failure as permitted by the original partition for community property, but rather waited some five months later. At this point, John has fulfilled the terms of the partition and secured refinancing of their former family home as instructed by Judgment of Partition.

Ultimately, the trial court denied Jennifer's request to have the home placed on the market with a right of first refusal in her favor. Jennifer now appeals.

## ANALYSIS

In her sole assignment of error, Jennifer states that "[t]he [t]rial [j]udge erred in finding that John Cabrera, Appellee, had fulfilled the terms of the partition and had secured financing in accordance with the terms of the [c]onsent [j]udgment." Specifically, she argues that, because John did not receive final loan approval until

August 17, 2016, he failed to "secure refinancing on or before August 5, 2016[,]" as required by the consent judgment.

A consent judgment is a type of contract between the parties. *Hulshoff v. Hulshoff*, 11-1055 (La.App. 3 Cir. 12/7/11), 81 So.3d 57.

> "[W]hen a contract can be construed from the four corners of the instrument without looking to extrinsic evidence, the question of contractual interpretation is answered as a matter of law." *Sims v. Mulhearn Funeral Home, Inc.*, 07-0054, p. 10 (La. 5/22/07), 956 So.2d 583, 590. "Interpretation of a contract is the determination of the common intent of the parties." La. Civ.Code art. 2045. **The reasonable intention of the parties to a contract is to be sought by examining the words of the contract itself and not assumed**. *Sims*, 07-0054 at p. 7, 956 So.2d at 589; *McConnell v. City of New Orleans*, 35 La.Ann. 273 (1883). "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La. Civ.Code art. 2046. **Common intent is determined, therefore, in accordance with the general, ordinary, plain and popular meaning of the words used in the contract**. *Louisiana Ins. Guar. Ass'n v. Interstate Fire & Cas. Co.*, 93-0911 (La. 1/14/94), 630 So.2d 759, 763. Accordingly, when a clause in a contract is clear and unambiguous, the letter of that clause should not be disregarded under the pretext of pursuing its spirit, as it is not the duty of the courts to bend the meaning of the words of a contract into harmony with a supposed reasonable intention of the parties. *See Maloney v. Oak Builders, Inc.*, 256 La. 85, 98, 235 So.2d 386, 390 (1970); *McConnell,* 35 La.Ann. at 275. **Most importantly, a contract "must be interpreted in a common-sense fashion, according to the words of the contract their common and usual significanc**e." *Lambert v. Maryland Cas. Co.*, 418 So.2d 553, 559 (La. 1982).

*Prejean v. Guillory*, 10-740, pp. 6-7 (La. 7/2/10), 38 So.3d 274, 279 (emphasis added).

"When a trial court's interpretation of a contract is not based upon any factual findings, but, rather, is based upon a review of the contract's language, the manifest error standard of review does not apply." *Derouen v. Nelson*, 09-467, p. 3 (La.App. 3 Cir. 3/10/10), 32 so.3d 1079, 1082. In the instant matter, the trial court's interpretation of "secure refinancing" to mean the loan process did not have to be completed was not based on a finding of fact, but rather, on the language of

3

the consent judgment. Therefore, we will conduct a *de novo* review to interpret the meaning of this language.

There is nothing within the four corners of the consent judgment suggesting that "secure refinancing" must be narrowly interpreted so as to not have occurred prior to August 17, 2016, which is the date that the following entry appears on the loan history documentation provided to the trial court: "U/W DECISION – FINAL APPROVAL/READY FOR DOCS." General and ordinary meanings of "secure" are "to give pledge of payment to (a creditor) or of (an obligation)", to "put beyond hazard of losing or not receiving", and/or "to get secure usu. lasting possession or control of." *Merriam-Webster's Collegiate Dictionary*, p. 1123 (11th Ed.2004). The loan processing history reflects that as of August 5, 2016, John had applied for refinancing, a loan estimate had been disclosed, the bank had approved the title commitment, and the "[l]oan [had been] set to final."[1] The trial court was correct in concluding that, under the terms of the consent judgment, John had secured refinancing by August 5, 2016.

We further note that there is no indication that Jennifer did not execute the deed to transfer the property for $15,000, that she did not receive $15,000 from John, or that she suffered any damages relating to any delay in John securing refinancing, as Jennifer does not make any such allegations in her petition. Without such allegations, there is no legal principle upon which she can obtain a judgment forcing John to place property already transferred to him on the market for sale. In fact, the loan processing documentation reflects that the loan was disbursed on August 26, 2016, and the consent judgment contemplates that Jennifer would sign a deed transferring the property to John "simultaneous with the refinancing closing." To the extent Jennifer did execute the deed in exchange for

---

[1] See the August 4, 2016 entry on the loan processing history documentation.

4

$15,000, she waived any right she may have had to have the property placed on the market for sale in the event John did not secure refinancing by August 5, 2016. "In Louisiana jurisprudence a term or condition can be waived by a party for whose benefit it has been established." La.Civ.Code art. 1780, comment (b).

## CONCLUSION

For the reasons stated above, the judgment of trial court is affirmed. Costs of this appeal are assessed to Appellant, Jennifer Cabrera.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.